[14965.   Department One.—June 8, 1898.]

# PACIFIC YACHT CLUB, Respondent, *v.* SAUSALITO BAY WATER COMPANY, Appellant.

Water Rights —Easement in Waters of Spring—Quieting Title—Real Action —Venue—Jurisdiction—Demurrer —Dismissal. —An action to quiet title or to determine an adverse claim to an easement in the waters of a spring situated upon the lands of the defendant, and to a right of way over the defendant's land for the purpose of conducting such waters to the premises of the plaintiff, and to obtain an injunction against interference with plaintiff's pipes from such spring, is a real action, which must be brought in the county where the subject-matter of the action is situated, and a demurrer to the complaint in such action, when brought in another county, upon the ground that the court has no jurisdiction of the subject-matter of the action, should be sustained, and the action dismissed.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Kellogg & King,* for Appellant.

*John H. Dickinson,* for Respondent.

Garoutte, J.—This litigation arises over an alleged right by plaintiff to the use of the waters of a certain spring, and the right to maintain pipes for the enjoyment of such use. The complaint in effect alleges "that the plaintiff is the owner of a certain tract of land in Marin County; that when plaintiff bought said land there was situated upon the adjoining land of the Old Sausalito Land and Dry Dock Company, plaintiff's grantor, a spring of water; that this spring was and is the only available water supply for the use of plaintiff's property; that plaintiff specially contracted and agreed with the Old Sausalito

Land and Dry Dock Company that as part of the consideration for the purchase price of the land aforesaid, plaintiff should have the privilege of laying pipes from said spring over the adjoining land of said grantor, to plaintiff's club-house, and should have the free and uninterrupted use of water from said spring forever; that plaintiff has had the free, uninterrupted, and continuous use and adverse possession of the water pipes aforesaid, and the water of said spring, in the manner above described, ever since the tenth day of May, 1879, and that all claims against said easement and adverse thereto are barred by the statute of limitations . . . . that defendant claims some right or interest to the land upon which said spring is situated, and upon which said water pipes are laid, and further claims the exclusive right to use and sell the water of said spring; that any right defendant may have was acquired subsequently to the right granted to this plaintiff and from the same grantor; that defendant claims the right and privilege to charge the plaintiff herein water rates for the use of the water of said spring, and demands of plaintiff that it pay to defendant at the rate of seventy-five cents per one thousand gallons for the water plaintiff uses; that defendant threatens to disconnect plaintiff's pipes from said spring, and shut off the supply of water from plaintiff's club-house, unless plaintiff pays at once said water rates." Wherefore, plaintiff asks for an injunction restraining defendants from interfering with the water pipes running from plaintiff's club-house to the spring above described, and from shutting off from said pipes the supply of water furnished thereto by said spring, or any part thereof, and for general relief.

This action was brought in the city and county of San Francisco, and the subject-matter of the action is all situated in the county of Marin. Defendant demurred to the complaint upon the ground that the court had no jurisdiction of the subject-matter of the action, by reason of the fact that it was brought in the city and county of San Francisco, instead of the county of Marin. The point made is jurisdictional, and if it has merit the demurrer was not necessary. It is provided in section 5, article VI. of the constitution, "that all actions for the recovery of the possession of, quieting title to, or for the enforcement of liens upon real estate, shall be commenced in the county in

which the real estate or any part thereof affected by such action or actions is situated." A fair construction of the complaint in this case proves it to be an action to quiet plaintiff's title to an easement in the waters of a spring, situated upon defendant's land, and the right of way over defendant's land for the purpose of conducting such waters. This fact is fully exemplified by an examination of the findings and conclusions of law. An adjudication of plaintiff's title to the easement is the principal relief granted, and the restraining order is merely incidental thereto, and follows an affirmance of plaintiff's title as a matter of course. There can be no question but that a complaint might be framed, alleging title to an easement, a threatened interference therewith, and asking for an injunction, which could not be considered an action to quiet title, for in a case of that character the defendant in his answer might concede the easement, and deny the interference; but here the complaint alleges title in the plaintiff and adverse claims upon the part of the defendant, and that the defendant justifies its acts by reason of such claims.

Upon a careful examination of the complaint in the case of *Fritts* v. *Camp*, 94 Cal. 394, we find it in all essential particulars similar to the complaint in the case at bar. The cause of action appears to be the same, the prayer for relief is the same; and that action was dismissed upon the ground that the court had no jurisdiction, it being brought in the wrong county, thereby violating the provision of the constitution heretofore quoted; and upon the authority of that case we think the court had no jurisdiction over the subject-matter of the present action.

Judgment and order reversed, and cause remanded, with directions to the lower court to dismiss the action.

HARRISON, J., and PATERSON, J., concurred.