GRANGERS' BANK OF CALIFORNIA v. SUPERIOR COURT OF CITY AND COUNTY OF SAN FRANCISCO.

No. 15,323; August 19, 1893.

33 Pac. 1095.

**Writ of Prohibition—Actions to Recover Realty.**—Under the constitutional provision that actions for the recovery of real estate shall be commenced in the county in which it is situated, a writ of prohibition will issue to a court entertaining such an action, for real estate outside the county, though an accounting is also asked as to the rents and profits, and though various proceedings had been had in the action, without any question as to the jurisdiction of the court.[1]

Application of the Grangers' Bank of California for writ of prohibition to the Superior Court of the City and County of San Francisco, Department 6; William T. Wallace, Judge. Writ granted.

[1] Cited in the note in 111 Am. St. Rep. 944, on the writ of prohibition.

Pillsbury, Blanding & Hayne for petitioner; George W. Towle, Jr., and H. S. Foote for respondent.

GAROUTTE, J.—This is an application for a writ of prohibition, and the following state of facts is disclosed by the petition: The Grangers' Bank of California was the owner of certain warehouses, situated in the counties of Fresno, Tulare, etc., some of these warehouses being erected upon the lands of the bank, and others on the lands of the railroad company, leased to the bank by that corporation. Upon the sixth day of January, 1890, the bank entered into a contract of sale with one W. G. Ross, wherein it was agreed, among other things, that said Ross should pay the bank $49,000, at the times and in the manner therein provided, and in consideration thereof the bank agreed to sell and transfer to said Ross these warehouses, together with all scales, platforms, etc., belonging to said warehouse business. It was provided that the title to the warehouses should not vest in Ross until the money was paid as covenanted. It was further understood that the interests of the bank in and to the ground upon which the warehouses were situated should pass to Ross upon the consummation of the sale. The right of re-entry by the bank upon default upon the part of Ross was also a condition of the contract. Under this agreement Ross entered into the possession of the warehouses, and in the fall of the year 1890, being largely indebted to the bank, made an assignment of all the property referred to in the contract to one Showers, for the purpose of securing his liability to the bank, and Showers thereupon took possession thereof. About January 1, 1891, the bank, claiming that Ross had forfeited his rights under the contract by reason of certain defaults on his part, took possession of the property, claiming to be the true owner, and ever since has had such possession. Thereafter Ross commenced an action in the superior court of the city and county of San Francisco against Showers and the bank, alleging, among other matters, that his indebtedness to the bank is more than offset by the receipts from the rents, issues, and profits of the business; that the contract has not been forfeited, and he has demanded the possession of the warehouses, which has been refused; that the use and occupation are of great value, and he prays for an accounting as to the rents,

issues, and profits; that the bank deliver to plaintiff the warehouses, platforms, etc., referred to in the contract; that the bank be declared to be paid in full from such rents and profits; that he be declared to be the owner thereof; and that said contract be held to be in full force and effect. Issue was joined upon the complaint, and during the pendency of the action an application to the trial court for the appointment of a receiver was made, and the defendant bank brought this proceeding to restrain the court from making such appointment, upon the ground that such act would be in excess of jurisdiction. In addition to the foregoing matters, the petitioner alleged that the present status of the case of Ross v. Showers et al. is such that the only substantial issues involved relate to the right of possession, recovery of possession of its warehouses, and the rents, issues and profits thereof. The petitioner further alleged that said warehouses were real estate. The return to the alternative writ is made by Ross, the real party in interest, and consists principally of the affidavit presented by him to the lower court upon his application for the appointment of a receiver. No denial is found anywhere in such return as to the allegations of the petition pertaining to the nature of the issues at present involved in the litigation of Ross v. Showers et al., and neither is there a denial of the allegation of the petition that said warehouses were real estate. Petitioner insists that the writ should issue, in this: That the appointment of a receiver would be an act in excess of the jurisdiction of the trial court, and that said excess of jurisdiction consists in: (1) that a receiver in the case is not authorized by section 564 of the Code of Civil Procedure; (2) that the property involved in the litigation is realty situated in Fresno and Tulare counties, and it follows therefrom that the superior court of the city and county of San Francisco has no jurisdiction of the subject matter of the action.

We have not stated all the facts disclosed by the record bearing upon petitioner's first ground of contention, as we shall not discuss it, being satisfied that the second ground relied upon has sufficient merit to entitle it to the relief demanded. It is to be regretted that counsel opposing the application has not seen fit to attempt to enlighten the court, either in his oral argument or brief, upon the merit of appel-

lant's contention in this regard. His only answer thereto is set out in his return, and appears to partake of the character of a plea of the statute of limitations or of estoppel. It is as follows: "That the suit of William G. Ross vs. Andrew Showers et al., in said writ referred to, has been pending before respondent since, to wit, the 12th day of January, 1891, and jurisdiction of respondent in the matter of said suit has not, during all the times since said 12th day of January, 1891, to and until, to wit, the 17th day of March, 1893, been called in question; that during said time respondent has had submitted to it by the parties to said suit, both plaintiff and defendants, numerous questions of fact and of law, and the same have, when so submitted, been decided by respondent without any objection made to the jurisdiction of respondent in the premises.'' In answer to the foregoing statement, it is sufficient to say the jurisdiction of the trial court is now directly assailed, and, giving counsel's allegations full credit, they avail nothing in resisting such attack.

The present status of the case of Ross v. Showers, as disclosed by the facts we have stated, indicate it to be an action to recover the possession of real property, and for an accounting as to the rents, issues, and profits thereof. It also appears that said real property is not situated in the county where the action was commenced and is now pending. For these reasons the superior court of the city and county of San Francisco, where the action was brought, has no jurisdiction over the subject matter. This question was directly passed upon, and the law declared, in the case of Fritts v. Camp, 94 Cal. 394, 29 Pac. 867, which decision has been followed in the recent case of Pacific Yacht Club v. Sausalito Bay Water Co. (decision filed June 8, 1893), 98 Cal. 487, 33 Pac. 322. The fact that an accounting is asked as to the rents, issues and profits of the warehouses in no way militates against the position that the action is for the recovery of real property. Such is the usual course in that character of action, and the claim for rents and profits is purely incidental to the main relief sought. In a question of the kind here presented, we are bound by the provisions of the constitution; and the provisions of the Code of Civil Procedure pertaining to the matter of a change of venue and the proper county in which to commence actions avail nothing as against the declaration of

the constitution of the state "that all actions for the recovery of the possession of real estate . . . . shall be commenced in the county in which the real estate, or any part thereof affected by such action, is situated." As was said in the concurring opinion in the case of People v. Wong Ark, 96 Cal. 138, 30 Pac. 1115, upon the jurisdiction of this court: "As the legislature has no power to grant the court jurisdiction, it has no power to deprive the court of jurisdiction. The jurisdiction of the court came from a source of power above and beyond the legislature of the state, and the court can only be deprived of it by the source from whence it came."

For the foregoing reasons, let the writ issue as prayed for.

We concur: De Haven, J.; Harrison, J.; McFarland, J.