[No. 15105.    Department Two.—June 15, 1894.]

SOUTHERN PACIFIC RAILROAD COMPANY, Re-
spondent, v. FRANK M. PIXLEY, Appellant.

Jurisdiction of Superior Court — Real Action — Enforcement of
    Vendor's Lien—Demurrer.—An action to foreclose a vendor's lien
    upon premises contracted to be sold is an action for the enforcement of
    a lien upon real estate, within the provision of section 5 of article VI
    of the state constitution, requiring such actions to be brought in the
    county in which the real estate is situated; and a court in which no
    part of the property is situated is without jurisdiction of such action,
    and a demurrer to the complaint, upon the ground that the court has
    no jurisdiction of the subject matter of the action, should be sustained.
Id.—Effect of Cross-complaint.—A cross-complaint in such action is a
    mere dependency of the original complaint, and it falls with the orig-
    inal where the court has no jurisdiction of the action.

Appeal from a judgment of the Superior Court of
the City and County of San Francisco.

The facts are stated in the opinion of the court.

*Robert Harrison*, for Appellant.

The court had no jurisdiction of the subject of the
action, as the land was situated in another county from
that in which the action was brought, and the demurrer
should have been sustained. (Const., art. VI, sec. 5;
Code Civ. Proc., sec. 78; *Urton* v. *Woolsey*, 87 Cal. 38;
*Fritts* v. *Camp*, 94 Cal. 393.) Appellant in reply with-
drew the above objection, and admitted that the main
purpose of the action was the forfeiture of the con-
tracts and rights under them, and that the recovery of
the land was a mere incident of such forfeiture, and
that, therefore, the action need not have been brought
in the county where the action was situated, citing,
*Morris* v. *Runnells*, 12 Tex. 175–77; *Bivins* v. *Bivins*, 37
Ga. 346; *Lewis* v. *Morton*, 5 T. B. Mon. 1; *Owens* v. *Hall*,
13 Ohio St. 571; *Smith* v. *Smith*, 88 Cal. 572; *Le Breton*
v. *Superior Court*, 66 Cal. 27; *More* v. *Superior Court*, 64
Cal. 345; *Loaiza* v. *Superior Court*, 85 Cal. 11; 20 Am. St.
Rep. 197; and also claimed that the cross-complaint

gave the court jurisdiction over the case. (*Wolcott* v. *Sprague,* 55 Fed. Rep. 545. See *Southern Pac. R. R. Co* v. *Whittaker,* 47 Fed. Rep. 529.)

*J. D. Redding,* and *John S. Mosby,* for Respondent.

If this action should be dismissed for want of jurisdiction, the cross-complaint falls with it. (*Cross* v. *De Valle,* 1 Wall. 5.)

McFarland, J.—This is an appeal by defendant from a judgment in favor of plaintiff.

The action was brought in the superior court in and for the city and county of San Francisco. In the complaint it is averred that on September 17, 1887, plaintiff was the owner of certain described tracts of land situated in the county of San Diego; and that on said day plaintiff entered into certain contracts with defendant by which the former agreed to sell and the latter agreed to buy said tracts of land. All of said contracts were alike, except that each referred to a different tract of land; and it is averred that the terms of each were that a certain part of the purchase money should be paid on the execution of the contract (which was done), and the balance, with interest annually, in manner as provided in said contract. The contracts provide that defendant may take possession of the lands therein mentioned, and averred that he did so take possession, and continues in possession. The complaint was filed in September, 1891; and it is averred that defendant has wholly failed and refused to make any of said deferred payments, although requested so to do. The prayer of the complaint is that it be adjudged that there is due from defendant to plaintiff a certain sum of money—being the amount of said deferred payments; and that it be decreed that if said amount be not paid within thirty days after the judgment "then and from that time the defendant, and all persons holding said premises under said defendant, shall be forever barred and foreclosed of all claim, right, or interest in said

land and premises by virtue of said agreement, and be forever barred and foreclosed of all right to a conveyance thereof, and that plaintiff be let into the possession of said premises, and that said contracts be declared null and void." Defendant demurred to the complaint upon the ground, among others, that the court had no jurisdiction of the subject matter of the action. The demurrer was overruled; and defendant filed an answer, and also a cross-complaint to which plaintiff answered. The judgment was substantially in accordance with the prayer of the complaint.

There is no necessity of discussing the questions which arose after the overruling of the demurrer to the complaint; for it is quite clear that the court had no jurisdiction of the subject matter of the action. It is provided in section 5 of article VI of the state constitution that "All actions for the recovery of the possession of, quieting the title to, or for the enforcement of liens upon real estate shall be commenced in the county in which the real estate, or any part thereof, affected by such action or actions is situated." Taking respondent's own view of the nature of the action, to wit: that it is for a "strict foreclosure," still it is clearly an action "for the enforcement of liens upon real estate"—leaving out of view the prayer for the "recovery of the possession" of the lands. Moreover, the question has been decided adversely to respondent in *Urton* v. *Woolsey,* 87 Cal. 38, which was a case precisely like the one at bar, except that the judgment in that case decreed a sale of the lands covered by the contract. (See, also, *Pacific Y. Club* v. *Sausalito B. W. Co.,* 98 Cal. 487; *Fritts* v. *Camp,* 94 Cal. 393.) The jurisdiction of the action was therefore in the superior court of San Diego; and there was no jurisdiction thereof in the superior court of the city and county of San Francisco. The demurrer to the complaint should have been sustained. And, as the cross-complaint was a mere dependency of the original complaint, it falls with the original.

The judgment is reversed, with directions to the superior court to dismiss the action.

DE HAVEN, J., and FITZGERALD, J., concurred.

Hearing in Bank denied.