[No. 4604.]

THE PEOPLE EX REL. LINDSLEY, DISTRICT ATTORNEY, v. THE DISTRICT COURT OF FREMONT COUNTY AND BAILEY, JUDGE.

### 1. Prohibition—Matters Not Presented to the Lower Court.

A writ of prohibition will not issue on the ground that the court had no jurisdiction to appoint a receiver, or on the action of the court in denying petitioner's petition of intervention in the cause, where these questions have never been presented to the lower court for its consideration and determination. Nor on the ground that the court has assumed to enter orders without the requisite notice to the interested parties where no motion has been made in the lower court to correct the error.

### 2. Prohibition—Code Provisions—Constitution.

The authority of the supreme court to entertain proceedings in prohibition is conferred by the constitution, and is not dependent upon or governed by the statute or code. The chapter of the code relating to certiorari and prohibition has no application to proceedings of that nature in the supreme court.

### 3. Prohibition—Jurisdiction—Abuse of Discretion.

The supreme court cannot by writ of prohibition stay the hands of an inferior tribunal because of an alleged abuse of discretion in a matter of which it has jurisdiction.

### 4. Prohibition—Jurisdiction—Change of Venue.

Application for change of venue by an intervener based upon the ground that the parties reside and the cause of action arose in another county, where the suit was originally brought in that county and was transferred by order of court to the county from which the change is sought; or that the convenience of witnesses demand the change; or that the judge is prejudiced; or that the parties fraudulently conspired to confer jurisdiction on the court from which the change is asked, is addressed to the discretion of and must be determined by the trial court. The filing of an application based upon any or all of said grounds does not entitle the party to a change as a

matter of right nor oust the court of jurisdiction, and if the court abuses its discretion or errs in passing upon such application its action cannot be reviewed by prohibition.

## Original Proceeding.

Mr. THOS. B. STUART, Mr. CHARLES A. MURRAY and Mr. JAMES F. CALLBREATH, for petitioner.

*Per Curiam.*—This is another application for leave to institute a proceeding in prohibition growing out of the action of the district court of Fremont county, had primarily in an action commenced by Dennis Sullivan against The Denver Gas and Electric Company, referred to in *Callbreath v. District Court, ante,* p. 486. So far as the present application is based upon the alleged want of jurisdiction of the district court to appoint a receiver and its action in denying the petition of intervention presented, we shall not determine these questions, for the reason that they have never been presented to the lower court for its consideration and determination.—*Callbreath v. District Court, supra.* If the lower court has assumed to enter orders without the requisite notice to the interested parties, that is an error which it has the authority to correct on motion by any one entitled to be heard. No such motion has been made below. After the proceedings complained of in the Sullivan case were had, the district attorney commenced an action in *quo warranto* against The Denver Gas and Electric Company in the district court of Arapahoe county. On motion of the company that action was transferred to the district court of Fremont county. The district attorney then moved to have the cause re-transferred to the court in which it was originally brought, and also, at the same time, moved to have the action in which the receivership proceedings were had transferred to the same tribunal. These motions were based upon the ground that the parties resided in the

county of Arapahoe; that the cause of action arose in' that county; that summons in the *quo warranto* case was served there; that the convenience of witnesses demanded its trial in that county; that the judge of the district court of Fremont county was so prejudiced that the people and intervenor could not obtain a fair and impartial trial; and that the parties in the receivership proceedings had fraudulently conspired to confer jurisdiction in that case upon the district court of Fremont county. These motions have been denied. The petitioner claims that the district court is without further jurisdiction; that it abused its discretion in denying these motions, and that a writ of prohibition should now issue from this court directing the lower court to proceed no further in either of the actions than to enter an order removing them to the district court of Arapahoe county.

From the earliest decisions of this court on the subject of prohibition down to the present time, it has uniformly been held that the only question which can be considered is, whether the inferior tribunal is exercising jurisdiction which it does not possess, or, having jurisdiction, has exceeded its legitimate powers. It has also been uniformly held that a writ of prohibition cannot be converted into a writ of error for the purpose of correcting mere errors in the exercise of a jurisdiction with which an inferior tribunal is invested.—*Leonard v. Bartels,* 4 Colo., 95; *People ex. rel v. District Court,* 6 Colo., 534; *McInerney v. City of Denver,* 17 Colo., 302; *People ex rel. v. District court,* 29 *Colo.,* 5, 66 *Pac.,* 896; *People ex rel. v. District Court,* 29 Colo., 83, 66 Pac., 1068.

We have also held that our authority to entertain proceedings in prohibition is conferred by the constitution, and is not dependent upon, or governed by, the statute or code on that subject—*People ex rel. L'Abbe v. District Court,* 26 Colo., 386—and hence

the chapter of the code relating to certiorari and pro-
hibition has no application to proceedings of that
character in this court, and we cannot stay the hands
of an inferior tribunal because of an alleged abuse of
discretion in a matter of which it has jurisdiction.
There can be no doubt but that the district court of
Arapahoe county had jurisdiction to order the *quo
warranto* proceedings transferred to the district court
of Fremont county.  At least, that authority is not
challenged.  It may have made a mistake in directing
the change, but if it did so, that was merely an error
in the exercise of a jurisdiction which it possessed.
The transfer of the cause to the district court of Fre-
mont county gave the latter tribunal jurisdiction to
entertain it, and the only question presented is,
whether or not the filing of the motions for a change
of venue ousted the district court of all jurisdiction to
further proceed in the actions than to pass upon these
motions and grant them.  None of the grounds upon
which these motions are based entitle the parties
in whose behalf they were made to change of place
of trial as a matter of right.  The fraud charged is
limited to the alleged fraud of the parties to the
Sullivan suit.  Whether or not this was sufficient
to authorize the court to transfer the case to the dis-
trict court of Arapahoe county was a question which
the court had authority to determine.  The preju-
dice of the judge is charged but it is not of a char-
acter to *ipso facto* disqualify him from trying the
causes.  The alleged prejudice charged is of a
character which he has the authority to and must
pass upon in the first instance.  The convenience of
the place of trial as measured by the residence of
the parties and their witnesses, were all matters
addressed to the discretion of the court, and which
it had authority to determine.  If it has erred in this
respect, it has simply committed an error within its

jurisdiction. That the causes of action upon which the *quo warranto* proceeding is based may have arisen in the county of Arapahoe and the summons served in that county is immaterial in this instance. Had the suit originally been instituted in some other jurisdiction, perhaps these questions might have been successfully raised, but as they are now presented, they are matters which the lower court has the power and authority to determine. In short, none of the grounds upon which the motions for a change of venue are based entitle the parties to a change as a matter of right, but present only questions which the lower court has the jurisdiction to determine, and if it errs in passing upon them, its error cannot be reviewed in prohibition. In this respect, the grounds upon which the applications for a change of venue are based are entirely different from those presented in *People ex rel. Lackey v. District Court, ante,* 123; 69 Pac., 597 Although this court is the supreme tribunal of the state, its authority is circumscribed by law, and it can no more exercise a power which it does not possess than can the inferior tribunals of the state. It may be that the lower court has erred in the decision of matters submitted for its consideration, and of which plaintiff complains, but we are precluded from determining those questions in this proceeding unless we should assume, in violation of all law, to review the errors complained of in prohibition. It may be true that the ordinary remedy by appeal or writ if error to review these matters is not plain, speedy and adequate. However that may be, it is the fault of the procedure provided for correcting errors of this kind. The remedy lies with the legislature; we cannot legislate. It is only where an inferior tribunal is exercising a jurisdiction which it does not possess, or, having jurisdiction, has exceeded its legitimate powers, and the remedy to correct such errors by appeal

or writ of error is not plain, speedy or adequate, that the writ of prohibition will lie. In other words, although errors may have been committed by an inferior tribunal, they cannot be corrected by proceedings in prohibition unless they relate to the exercise of jurisdiction on the part of the inferior tribunal which it does not have.

The application is denied and the proceedings dismissed.                                    *Dismissed.*