[Civ. No. 10206. First Appellate District, Division Two.—June 23, 1936.]

STATE OF CALIFORNIA, Petitioner, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent.

U. S. Webb, Attorney-General, Robert W. Harrison, Chief Deputy Attorney-General, R. L. Chamberlain, Deputy Attorney-General, Cooley, Crowley & Supple and Richard F. Behan for Petitioner.

Leo R. Friedman for Respondent.

STURTEVANT, J.—This is an application for a writ of prohibition. It involves a consideration of the following facts: Martin B. Joost filed a complaint in the Superior Court of the State of California in and for the City and County of San Francisco, in which he alleged that while crossing the intersection of Dorchester Street and Claremont Boulevard in San Francisco he was struck and injured by a Ford car which was being operated by A. E. Kern, who was at the time acting within the scope of his employment and as the agent and employee of the State of California. He named as defendants the State of California, the Regents of the University of California, the University of California and A. E. Kern. The state was served with summons and thereafter appeared by a special appearance and made a motion that the place of trial be changed from the city and

county of San Francisco to the county of Sacramento. The motion was denied on February 4, 1935. Later the defendant filed a general demurrer which was overruled and thereafter the defendant filed an answer. Still later, on motion duly made, the action was set down for trial. The other defendants were not served and did not appear. Asserting that the order denying the motion to change the place of trial was in excess of jurisdiction, the state applied for this writ.

The petitioner concedes that the right to sue the state was given by section 1714½ of the Civil Code, but it contends that such right may properly be exercised only as provided in article XVIII, chapter 3, title 1, part 3, of the Political Code, sections 654–695, inclusive. The respondent contends that said chapter applies to actions arising *ex contractu* and not otherwise. That it does apply to actions arising *ex contractu* both parties concede is the settled law. (*Denning* v. *State*, 123 Cal. 316 [55 Pac. 1000], *Chapman* v. *State*, 104 Cal. 690 [38 Pac. 457, 43 Am. St. Rep. 158], and *Melvin* v. *State*, 121 Cal. 16 [53 Pac. 416].) However, it remains to determine whether said chapter applies to other actions. The first paragraph of section 688 is: "Any person who has, or shall hereafter have, a claim on contract or for negligence against the state must present the claim to the state board of control in accordance with the provisions of section 667 of this code. Should the claim not be allowed by the state board of control, the person having the claim is hereby authorized, subject to the conditions contained in this section, to bring suit against the state on such claim and to prosecute such suit to final judgment." It is patent that the language is so broad as to cover proceedings in actions arising *ex delicto*. *Standahl* v. *Splivalo et al.*, 13 Cal. App. (2d) 85 [56 Pac. (2d) 298], was such a case. In that case the plaintiff did not file the bond required by the third paragraph of section 688 of the Political Code. Because of that omission the defendants made a motion to dismiss the action. The trial court granted the motion. Its ruling was affirmed. (*Standahl* v. *Splivalo, supra.*) The plaintiff applied to the Supreme Court for an order transferring the action to that court for hearing and determination. The application was denied. That ruling is controlling in the instant case at least on the question of the failure to file an undertaking.

However, there is certainly nothing in section 688 showing that the whole section is applicable in actions sounding in contract and only a part of it is applicable in actions sounding in tort. It follows that the several passages contained in said section expressing the conditions and limitations concerning actions against the state must be complied with. It will not be disputed that when the state gives permission to be sued it may state the conditions under which such right is given. (*Gill* v. *Johnson*, 103 Cal. App. 234 [284 Pac. 510] ; 59 C. J. 304.) As statutes conferring the right to sue the state are in derogation of the state's sovereign capacity, such statutes will be strictly construed. (*Westinghouse Electric & Mfg. Co.* v. *Chambers*, 169 Cal. 131 [145 Pac. 1025].)

■ Furthermore, section 1714½ of the Civil Code authorizing such suits "in the manner directed by law", and the above-mentioned chapter of the Political Code prescribing conditions and limitations, are statutes *in pari materia*. One of the general rules applicable is, "where two acts *in pari materia* are construed together, and one contains provisions omitted from the other, the omitted provisions will be applied in the proceeding under the act not containing such provisions, where not inconsistent with the purposes of the act." (59 C. J. 1050.)

The respondent urges the great inconvenience that may follow. It is said that the person injured by the tortious act may be impecunious and that it will be a great burden on him if he is required to put up a bond and is compelled to go to Sacramento to present his cause of action. Those claims will be freely conceded. It must as freely be conceded that in many instances the functions of the state will be seriously impaired if its officers and employees are required to leave Sacramento, their post of duty, and to attend at distant places to defend alleged actions arising *ex delicto*. Be these arguments as they may, the question of convenience or inconvenience rested with the legislature and does not rest with the courts.

■ In support of its claim that prohibition is a proper remedy, the petitioner cites and relies on *Carter* v. *Superior Court*, 176 Cal. 752 [169 Pac. 667]. The respondent replies that in that case the court issued only a limited writ, that is, a writ enjoining further action until the bond was filed. But the very reason on which that order was made was that

the trial court was exceeding its jurisdiction in taking any action until the bond there involved was filed. Manifestly the same reasoning is pertinent in the instant case. How-. ever, in the instant case, we are also concerned with the failure to transfer the action on the demand of the attorney-general to Sacramento. The language of the statute pertinent to that part of the case is as follows: "It shall be the duty of the attorney-general to defend all such suits; and upon his written demand made at or before the time of answering, the place of trial of any such suits must be changed to the county of Sacramento." (Pol. Code, sec. 688, par. 4.) The word "must", as ordinarily used, is mandatory. (44 C. J. 1498.) An order contrary to the provisions of such statutes is in excess of jurisdiction. (59 C. J. 304; *Carter v. Superior Court, supra.*)

Finally the respondent asserts that where a statute has been construed by an appellate court and parties have relied upon such construction, the state is estopped from adopting a contrary construction in those cases where injury can result to the one who relied on a prior construction. It cites *Angus v. Plum,* 121 Cal. 608 [54 Pac. 97], *Bates v. Escondido U. H. School Dist.,* 133 Cal. App. 725 [24 Pac. (2d) 884], and *Gill v. Johnson, supra.* The first case cited deals with the doctrine of *stare decisis.* That doctrine is not here involved. The second case deals with the law applicable to a school district. That involves statutes not before us. The case last cited involved the Torrens Land Title Act and held it to be self-sufficient. ■ And, as closely allied, the respondent contends that the state has waived its rights. To create a waiver there must be an actual intention to waive an existing right. (25 Cal. Jur. 927.) Here there is no evidence of such intention. ■ Moreover, power to waive must be shown to have been conferred on the state's agents. (*Hampton v. State Board of Education,* 90 Fla. 88 [105 So. 323, 42 A. L. R. 1456, 1483, 1484].) Our statutes show no such power was granted. ■ Again, as we have shown above, the limitations and conditions imposed by the state in actions brought against it are jurisdictional. Being such, they may not be waived. (59 C. J. 304; *Buckles v. State,* 221 N. Y. 418 [117 N. E. 811].) At page 813 the Supreme Court of New York said: "Being thus a question of jurisdiction, it could be raised at

any time, and could not be waived by any officer or authority representing the state. (Citing cases.)''

It is therefore the order of the court that a peremptory writ of prohibition issue restraining the Superior Court of the State of California, in and for the City and County of San Francisco, and the presiding judge thereof, from taking any further steps or proceedings against the State of California in connection with or based upon the allegations or prayer of the complaint of Martin B. Joost, in action No. 255308, now pending in said court, except to transfer said action to the Superior Court of the State of California, in and for the County of Sacramento.

Nourse, P. J., and Spence, J., concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 20, 1936.