[Sac. No. 5779. In Bank. Feb. 7, 1947.]

A. A. BROCK, as State Director of Agriculture, Petitioner, v. THE SUPERIOR COURT OF STANISLAUS COUNTY et al., Respondents.

Robert W. Kenny, Attorney General, Ward Sullivan and Paul M. Joseph, Deputy Attorneys General, for Petitioner.

Bush & Ackley, David F. Bush and Frank B. Collier for Respondents.

CARTER, J.—Petitioner, the State Director of Agriculture, seeks a writ of prohibition to stay proceedings in an action pending against him in the Superior Court of Stanislaus County upon the ground that that court erred in denying his motion for change of venue to the county of his residence, Sacramento County.

The decisive preliminary question is whether prohibition will lie. Prohibition is an available remedy only if (1) the trial court's action in denying the motion for change of venue was an act in excess of its jurisdiction as that term is used in section 1102 of the Code of Civil Procedure, and (2) petitioner has no plain, speedy, and adequate remedy by way of appeal from the appealable order denying the change of venue, and also, if necessary, by application for supersedeas to stay proceedings in the trial court pending such appeal. (Code Civ. Proc., §§ 1103, 963; *Moon* v. *Superior Court*, 59 Cal.App.2d 447 [139 P.2d 84]; *Chard* v. *O'Connell*, 48 Cal.App.2d 475 [120 P.2d 125].)

Considering first the question whether the order denying a change of venue was a proceeding "without or in excess of the jurisdiction" of the trial court, as the term "jurisdiction" is employed in section 1102, *supra*, it is notable that in late cases decided by this court there are to be found many general statements similar to the comment in *Rescue Army* v. *Municipal Court*, 28 Cal.2d 460, 463 [171 P.2d 8], that "In certiorari

and prohibition proceedings the term jurisdiction has a very broad meaning, and a writ may be granted where the court has no jurisdiction to act except in a particular manner, even though it has jurisdiction, in the fundamental sense, over the subject matter and the parties. (Citing cases.)'' Such statements, however, must be considered in their relation to the particular matter to be adjudicated by use of the original proceeding, as for example, the fact that in the Rescue Army case, the question under consideration was that of the availability of a proceeding in prohibition to test the constitutionality of a statute or ordinance. For, as said in *Abelleira* v. *District Court of Appeal,* 17 Cal.2d 280, 287-291 [109 P.2d 942, 132 A.L.R. 715], the term ''jurisdiction,'' ''used continuously in a variety of situations, has so many different meanings that no single statement can be entirely satisfactory as a definition. At best it is possible to give the principal illustrations of the situations in which it may be applied, and then to consider whether the present case falls within one of the classifications. Lack of jurisdiction in its most fundamental or strict sense means an entire absence of power to hear or determine the case, an absence of authority over the subject matter or the parties. . . . But in its ordinary usage the phrase 'lack of jurisdiction' is not limited to these fundamental situations. . . . On a number of occasions the courts of this state have recognized the conflicting senses in which the term 'jurisdiction' is used, and have emphasized the point that in applications for prohibition or *certiorari,* the broader meaning is involved. . . . Speaking generally, any acts which exceed the defined power of a court in any instance, whether that power be defined by constitutional provision, express statutory declaration, or rules developed by the courts and followed under the doctrine of *stare decisis,* are in excess of jurisdiction, in so far as that term is used to indicate that those acts may be restrained by prohibition or annulled on *certiorari.* And, as a practical matter, accuracy in definition is neither common nor necessary. Though confusion and uncertainty in statement are frequent, there is a surprising uniformity in the application of the doctrine by the courts, so that sound principles may be deduced from the established law by marshalling the cases and their holdings in this field.''

The present case concerns only the meaning of the term ''jurisdiction'' in its application in testing the availability of the remedy of prohibition in a situation created by the trial

court's ruling upon a motion for change of venue. That in the first instance the trial court has jurisdiction, in its most fundamental or strict sense, to hear and determine a motion for change of venue is beyond dispute. The question is whether an error in ruling on the motion and in fixing the venue can be denominated an act in excess of jurisdiction within the meaning of that term as employed in section 1102, *supra*.

The authorities in this and other jurisdictions afford no standard criterion for determining when prohibition will lie in a venue proceeding. Much of the discussion in the textbooks and cases therein cited touches only the question of adequacy of an appeal or other appropriate remedy, or the venue statutes involved are unlike those of this state. (See 42 Am.Jur. p. 159, § 21; 50 C.J. p. 679, § 44; Bancroft's Code Practice and Remedies, vol. 2, p. 1487, § 1042; 25 Cal.Jur. p. 916, § 48.) But throughout these authorities there is clearly discernible a distinction between situations where the right to the change of venue is absolute or jurisdictional in a fundamental sense, and situations which present merely a question for the trial court's decision. Thus it is said in Bancroft's Code Practices and Remedies, *supra:* "The case being otherwise a proper one for the issuance of the writ, when a motion for a change of venue is well founded and no question of fact is open to the court, the right to the change being absolute, a court which refuses to grant the motion will be prohibited from further considering the case, inasmuch as it has no jurisdiction except to grant the motion. But when the change is not a matter of right and the motion presents only questions which the lower court has jurisdiction to determine, the error of the court, if any, in refusing a change may not be reviewed in prohibition." For an example of cases from other jurisdictions in which the writ has been held unavailable see *State ex rel. Kochtitzky* v. *Riley,* 203 Mo. 175 [101 S.W. 567, 12 L.R.A.N.S. 900] ; *State ex rel. Miller* v. *Superior Court,* 40 Wash. 555 [82 P. 877, 111 Am.St.Rep. 925, 2 L.R.A.N.S. 395] ; *People ex rel. Lindsley* v. *District Court,* 30 Colo. 488 [71 P. 388].

Research has revealed no California case determining the availability of a remedy by prohibition after an adverse ruling on motion for change of the place of trial under the venue provisions of the Code of Civil Procedure. (§§ 392, et seq.) An approach to the subject is found in *State of California* v. *Superior Court,* 14 Cal.App.2d 718 [58 P.2d 1322], but that

case is not here controlling. It involved a special statute (Pol. Code, § 688, par. 4), providing that upon written demand of the attorney general the place of trial of a suit against the state "must" be changed to Sacramento County. The court held that because of the mandatory terminology of the statute, shown by use of the word "must," any order denying a motion for change in violation of the statutory mandate was an excess of jurisdiction and prohibition would lie to restrain the court from proceeding with the trial.

This holding points to the fact that no general rule can be laid down governing all venue cases wherein prohibition is sought after an adverse ruling. The distinction already mentioned between cases wherein the right to change of venue is absolute or jurisdictional, and cases which present merely a question for decision by the trial court, or of stipulation or waiver, has been preserved in the California law, and this distinction controls the determination of the question of availability of the remedy of prohibition in a venue matter.

An absolute right is conferred by the Constitution, article VI, section 5, which provides that all actions for the recovery of possession of, quieting title to, or for the enforcement of liens upon real estate, shall be "commenced" in the county in which the real estate, or any part thereof, affected by such actions, is situated. This constitutional provision has not been carried in express terms into section 392 of the Code of Civil Procedure, which simply states that the county in which real property, or some part thereof, is situated is the "proper" county for the "trial" of the enumerated actions. But since the constitutional mandate confers an absolute right to have the enumerated actions "commenced" in the county in which the property is situated, any error in determining venue so far as commencement of such an action is concerned goes to the jurisdiction of the court and, in the absence of a plain, speedy, and adequate remedy in the ordinary course of the law (§ 1103, *supra*), prohibition should lie.

With reference to other cases, there is no constitutional requirement and the statutes (Code Civ. Proc., §§ 393, et seq.), merely state the "proper county" for trial. Therefore, a failure to fix venue or to proceed to trial in a county specified as "proper" does not go to the "jurisdiction" of the court, even in the broad sense in which the latter term is used in prohibition proceedings.

In fact, the parties may stipulate as to venue, or the right to move for a change of venue may be waived. Section 396b of the Code of Civil Procedure provides that ". . . if an action . . . is commenced in a court having jurisdiction of the subject-matter thereof, other than the court designated as the proper court for the trial thereof, . . . the action may, notwithstanding, be tried in the court where commenced, unless the defendant, at the time he answers or demurs, files with the clerk . . . an affidavit of merits and a notice of motion for an order transferring the action . . . to the proper court. . . ." Under this statute a defendant who fails to demand at the proper time and in the proper manner that the action be tried in the proper county is precluded from later raising the question, except in cases coming within the constitutional requirement, wherein there can be no waiver of the right to have the action commenced in the county in which the real property is situated. (25 Cal.Jur. pp. 888, et seq., §§ 25, 26.) This confirms the view that in cases other than those coming under the constitutional provision, the venue question is not jurisdictional, and a proceeding in prohibition will not lie to obtain relief upon denial of a motion for change of venue.

This distinction, which makes the question jurisdictional only when the right to a change of venue is absolute, is noted in the early case of *Herd* v. *Tuohy*, 133 Cal. 55, 59-60 [65 P. 139], where this court said: "As to the jurisdiction of the court, there can be no serious question. The superior court is vested by the constitution (art. VI, sec. 5) with jurisdiction over 'all cases in equity'; and cases of this kind—that is, for relief against judgments on the ground of fraud in their procurement—constitute a familiar and well-established head of equity jurisdiction. . . . Nor—with an exception to be noted presently—is this jurisdiction vested in any particular superior court or courts. Every superior court—with the exception alluded to—has jurisdiction of all equity cases that may be brought in it. The exception referred to is that of 'actions for the recovery of the possession of, quieting the title to, or for the enforcements of liens upon real estate'; which, under the provision of the constitution cited above, must be 'commenced in the county in which the real estate . . . affected by such action . . . is situated.' With reference to other cases, there are statutory provisions determining the proper place of trial (Code Civ. Proc., secs. 392-395); *but these do not affect the jurisdiction of the court; and hence* 'if the county in which the

action is commenced is not the proper place for the trial thereof,' *the only remedy of the defendant is a demand for change of venue.* (Code Civ. Proc., sec. 396.) . . . In this case, there was no demand for change of venue; and it is therefore immaterial whether or not the suit was brought in the county proper for trial. If it is one of the kind of cases provided for in section 392 . . . it was brought in the proper county. If it does not fall within that class, then the defendant was entitled to demand its transfer to the county of his residence . . . but, having failed to demand the transfer, has waived the objection."

The authorities appear to be consistent in holding that in cases involving real property, where the constitutional requirement applies, a violation of the provision is an act in excess of jurisdiction. See *Southern Pacific Railroad Co.* v. *Pixley,* 103 Cal. 118 [37 P. 194], where an action involving real estate situate in another county was dismissed for want of jurisdiction, and 25 California Jurisprudence page 861, section 9, and cases cited. See, also, *Grangers' Bank* v. *Superior Court,* 4 Cal.Unrep. 130 [33 P. 1095], where during pendency of an action, the defendant bank applied for prohibition to restrain the court from appointing a receiver on two grounds; first, that a receiver was not authorized, and second, that the litigation involved realty situated in another county. In granting the writ on the second ground, this court stated: "In a question of the kind here presented, we are bound by the provisions of the constitution; and the provisions of the Code of Civil Procedure pertaining to the matter of a change of venue and the proper county in which to commence actions avail nothing as against the declaration of the constitution of the state 'that all actions for the recovery of the possession of real estate . . . shall be commenced in the county in which the real estate, or any part thereof affected by such action, is situated.' As was said in the concurring opinion in the case of *People* v. *Wong Ark,* 96 Cal. 125 [30 P. 1115], upon the jurisdiction of this court: 'As the legislature has no power to grant the court jurisdiction, it has no power to deprive the court of jurisdiction. The jurisdiction of the court came from a source of power above and beyond the legislature of the state, and the court can only be deprived of it by the source from whence it came."

But just as consistently as the courts have enforced the jurisdictional requirement of the Constitution, they have re-

frained from extending it, and have frequently declared that because the constitutional provision is a limitation on the general jurisdiction of the superior courts, it must be strictly construed. (*Dougherty* v. *California Kettleman Oil Royalties*, 9 Cal.2d 58 [69 P.2d 155], and cases cited at p. 76; 25 Cal.Jur. p. 861, § 9.) Indeed it has been declared that since the Constitution goes no further than to require the enumerated actions to be "commenced" in the county where the real property is situated (as distinguished from the provision for "trial" in said county specified in Code of Civ. Proc., § 392), such requirement does not prohibit the changing of the place of trial where an impartial trial cannot be had in the county of venue, or for the convenience of witnesses, or because of disqualification of the judge. (25 Cal.Jur., p. 861, § 9, cases cited note 17.) In other words, only the constitutional requirement as to commencement of the action is jurisdictional; not the statutory provision as to trial.

Thus in *Duffy* v. *Duffy*, 104 Cal. 602 [38 P. 443], the real estate in litigation was situated in Alameda County and the action was there commenced, but it was later transferred to San Francisco on a stipulation of counsel that the change would promote the convenience of witnesses. In upholding the transfer this court commented that "commencement" of the action in the county where the land was situated satisfied the constitutional requirement, and by that requirement it could not have been intended that under the circumstances mentioned in the applicable statute, the place of trial could not be changed for convenience of witnesses or other proper reason.

Another pertinent case is *Fresno National Bank* v. *Superior Court*, 83 Cal. 491 [24 P. 157]. There the court was confronted by a conflict between the constitutional provision (art. VI, § 5 *supra*), which gave it jurisdiction of the subject matter of the action (real property), and section 16 of article XII of the Constitution which appeared to deprive it of jurisdiction of the person of the defendant corporation, in that the latter section provided that a corporation "may be sued" in the county of its principal place of business, or where the contract is made or is to be performed, or the obligation, liability, or breach occurs. The defendant corporation, after denial of its motion to dismiss the action for want of jurisdiction of its person, sought prohibition to restrain any further proceedings in the trial court. In denying the writ, this court commented that "It can hardly be presumed that the framers of the con-

stitution failed to foresee that there might be just occasion for suing a corporation to recover, quiet the title to, or enforce a lien upon real estate not situated in any of the counties enumerated in section 16 of article 12; yet upon the occurrence of such an occasion, if this section is to be deemed mandatory, there would be a square conflict between it and the proviso above quoted, in which one or the other must yield, or there would be no remedy against the corporation." This court then held that whereas the language of section 5 of article VI is mandatory and exclusive, the language of section 16 of article XII, using the phrase "may be sued," is merely permissive, and that defendant corporation was not entitled as a matter of absolute right to a change of venue. It was also held that defendant had a plain, speedy, and adequate remedy by motion for change of venue, and that therefore the proceeding in prohibition would not lie.

These holdings support the conclusion that only where a change of venue is a matter of absolute right, is the denial of such change an act "in excess of the jurisdiction" of the court as that phrase is used in section 1102 of the Code of Civil Procedure.

It is also evident that prohibition cannot avail petitioner here because he had a plain, speedy, and adequate remedy by appeal from the order denying a change of venue, and, if necessary, by application to the trial or appellate court for a stay of proceedings pending the appeal.

The complaint in the basic pending action was filed by a grower and producer of figs in Fig Proration Zone No. 1 during the year 1945. It names as defendants, the Proration Zone, its directors and members, and the petitioner herein as Director of Agriculture of the State of California. It charges that in June, 1945, petitioner put into effect certain approved quality and diversion regulations for the 1945 season. These regulations are set forth in full. They pertain to the sampling, inspection, and certification of figs and, among other things, define marketable figs as any lot of dried figs containing specified percentages of passable, infested, bird-pecked, or split figs, fix similar percentages for substandard figs, provide for a diversion pool, and provide for delivery to it of culls and unsortable lots. The pleading alleges that in certain respects these regulations are unreasonable, discriminatory, illegal, and void; that defendants have signified an intention to enforce them, and unless they are restrained from so doing,

plaintiff will suffer great and irreparable damage. The prayer is for a decree adjudging the invalidity of the regulations and restraining their enforcement. In moving for change of venue to the county of his residence petitioner relied upon section 395 of the Code of Civil Procedure. In denying the motion the trial court applied the statutory exception of section 393b which makes "the county in which the cause, or some part thereof, arose . . . the proper county for the trial of" an action "against a public officer or person especially appointed to execute his duties, for an act done by him in virtue of his office."

The petition for prohibition alleges that the remedy of appeal from the order denying the change of venue is not plain, speedy, or adequate because by the time an appeal could be perfected, the trial court would have ruled upon an application for preliminary injunction and would have proceeded to trial. It also alleges that the public importance of the questions presented, which concern enforcement of the general quality and diversion regulations for the 1945 season affecting fig growers in eighteen counties, justify the granting of the writ rather than subjecting the interested parties and the general public to the delay incident to an appeal.

However, the questions, although of some public importance, do not appear to be pressing. There is no allegation that petitioner made, or that the trial court wrongfully denied any application for a stay of proceedings pending an appeal from the order denying a change of venue. Any urgency which might originally have existed was bound to be swallowed up in the time necessary to obtain a ruling on prohibition as much as in the longer delay incident to pursuance of an appeal. The complaint was filed on July 20, 1945, and the motion for change of venue was heard in September. The subsequent prohibition proceeding, in the regular course, did not reach a decision in the District Court of Appeal until January, 1946. A hearing was granted by this court in March, thus precluding any final determination prior to expiration of the 1945 marketing season. The matters in dispute concern only proposed quality and diversion regulations for the 1945 marketing season, which were put into effect by petitioner on June 25, 1945. There is no mention of an intent to carry over these regulations, or to enforce the same challenged percentages for the 1946 season. Under these circumstances the remedy by appeal must be deemed plain, speedy, and adequate. An

appeal will not be denominated inadequate merely because a question of jurisdiction is raised, nor does it fail to be adequate and speedy within the meaning of the applicable rule simply because it is not so expeditious as prohibition. (See discussion and cases cited in 21 Cal.Jur. § 6, pp. 586, et seq., and 22 Cal.L.Rev., pp. 537, et seq.)

The alternative writ of prohibition is discharged and a peremptory writ is denied.

Gibson, C. J., and Traynor, J., concurred.

EDMONDS, J.—I concur in the judgment upon the ground that the trial court's action, in denying the motion for change of venue, was not a proceeding "without or in excess of the jurisdiction of such tribunal." (Code Civ. Proc., § 1102.)

SPENCE, J.—I concur in the judgment. Regardless of any question of the propriety of prohibition as a remedy (which question is not raised by the parties), I am satisfied that the trial court properly denied the motion for change of venue and that therefore the petition for a peremptory writ of prohibition must be denied.

Shenk, J., and Schauer, J., concurred.