COOPERATIVA DE CAFETEROS DE PUERTO RICO, Plaintiff and Appellant, *v.* RAMÓN COLÓN TORRES and CARLOS M. MATOS, ETC., Defendants and Appellees.

No. 11160. Argued May 3, 1954.—Decided May 14, 1954.

*Francisco Parra Toro, Héctor González Blanes, Pedro E. Muñiz Ramos* and *S. L. Lagarde Garcés* for appellant. *José Trías Monge, Attorney General,* and *Edgar S. Belaval, Assistant Attorney General,* for appellees.

MR. JUSTICE ORTIZ delivered the opinion of the Court.

Cooperativa Cafeteros de Puerto Rico, appellant herein, challenges in this Court a decision of the Superior Court, Ponce Part, ordering the transfer to the San Juan Court of an action for declaratory judgment filed originally by the appellant in the Ponce court against Ramón Colón Torres, as Secretary of Agriculture and Commerce, and Carlos M. Matos, as Inspector of Cooperatives.

It is substantially alleged in the complaint that there is a controversy between the parties with respect to the power and authority of the Inspector of Cooperatives to require plaintiff to deliver the reports regarding the operation, businesses and administration of the plaintiff, the controversy being centered on the construction that should be given to Act No. 291 of April 9, 1946, (Sess. Laws, p. 686) as subsequently amended. It is alleged in the complaint that the plaintiff, Cooperativa Cafeteros de Puerto Rico is a coopera-

tive with its main office in the city of Ponce; that said association sent an annual report to the Inspector of Cooperatives and that the latter, on April 21, 1953, sent a letter to plaintiff and appellant asking for additional data and information; that the appellant invited the Inspector of Cooperatives to examine, in appellant's office at Ponce, whatever documents, books and papers appellant had, including a report submitted to the appellant by its accountant, Gonzalo Aponte; that the Inspector of Cooperatives then asked for that report, in connection with the additional data that he desired, appellant having refused to deliver the report to the Inspector; that the appellant appealed to the Secretary of Agriculture and Commerce who, after a hearing, decided that he had no power to review the Inspector's action; that finally the appellant refused to deliver the reports and that the Inspector of Cooperatives notified the appellant in writing prior to the hearing before the Secretary of Agriculture and Commerce, that in view of appellant's refusal to surrender the report requested, it was bound to pay a fine of $5 daily for the term of 15 days, "furthermore, threatening the cooperative that he would pursue other remedies provided by law." It is stated that there is a controversy as to the power of the Inspector of Cooperatives to demand the information and data which he requested, as to whether or not the Inspector's acts constitute an abusive, arbitrary, or illegal exercise of his powers, and whether the Inspector may compel the appellant "to paralyze the normal work of officials and employees of the Association and assign to them research work which he requires," and "whether or not it is incumbent on the Secretary of Agriculture and Commerce to hear the complaints filed against the acts of the Inspector of Cooperatives."

The complaint was filed in the Ponce Court and the defendants were notified on June 10, 1953. On June 19 the defendants filed a motion for change of venue to the San

Juan Court, on the grounds that (1) the defendants have their residence in San Juan; (2) the cause of action, if any, arose in the judicial district of San Juan, and (3) "because, if there is need for evidence, they would be their own principal witnesses and they are both public officials with offices in San Juan and with the countless duties and obligations of their respective positions whereby it would be very difficult for them to leave San Juan to appear at the hearing of the case."

Together with the motion for change of venue, and on the same day, June 19, 1953, the defendants filed in the Ponce Court a motion for extension to answer the complaint. The extension was granted on June 23. On July 6, the defendants filed a second motion for extension to answer the complaint, which was granted, and it was stated that the motion for change of venue was pending hearing and decision. On July 16, the defendants filed their answer. On September 3, 1953 the Ponce Court rendered a decision sustaining the motion for change of venue and ordering the transfer of the case to the San Juan Court on the ground that the cause of action had arisen in San Juan, and therefore the case would be transferred to San Juan, under the provisions of subdivision 2 of § 79 of the Code of Civil Procedure. Plaintiff has appealed to this Court and assigns the following errors:

"First Error: The lower court erred in ordering the transfer after the defendants had submitted themselves to the jurisdiction of said court by filing a motion for extension accompanied by the motion for a change of venue; and it likewise erred in ordering the transfer on the ground that the defendants resided in San Juan, a fact which was neither alleged in the complaint nor stated under oath in the motion for change of venue or in an affidavit of merits.

"Second Error: The Ponce Court committed an error of fact and of law in concluding that the complaint merely alleges acts performed by the defendants or official decisions and

actions taken by them at the domicile of their office in San Juan. (See Judgment Roll, p. 43.)

"Third Error: The Ponce Court committed error of fact and of law in concluding that the complaint does not state affirmative acts performed by the defendant Carlos M. Matos as Inspector of Cooperatives, in the main office of the plaintiff, Cooperativa Cafeteros de Puerto Rico.

"Fourth Error: The Ponce Court committed an error of fact and of law in sustaining the motion for a change of venue in contravention of the provisions of § 79 of the Code of Civil Procedure now in force and of the jurisprudence established in connection with that Section."

 Section 10 of the Judiciary Act (Act No. 11 of July 24, 1952) provides in part that "every civil or criminal action shall be filed in the part of the court held at the place where it should have been filed under the legislation heretofore in force," and that "every case may be heard in the division or part where it is brought by agreement of the parties and consent of the judge presiding at the time in such part or, if not so heard, shall be transferred by order of the judge to the appropriate division or part in accordance with such rules as may be adopted by the Supreme Court." By providing that in the absence of an agreement of the parties or consent of the judge, the case shall be transferred to the *appropriate* division, it is meant that the case shall be transferred to that part of the court situated at the place where it should have been filed under the legislation in force until approval of the Judiciary Act. The first problem for consideration consists in determining or fixing the part of the court where the action should be filed under that legislation. The pertinent provision [1] existing at the time the Judiciary Act was approved is subdivision 2 of § 79 of the Code of Civil Procedure which provides:

"Section 79.—Actions for the following causes must be tried in the district where the cause, or some part thereof, arose,

---

[1] Since the Declaratory Judgments Act contains no specific provision as to the place of trial, the general rules as to venue apply to actions for declaratory judgments. 16 Am. Jur. 327, § 54.

subject to the like power of the court to change the place of trial:

" . . . . . . .

"2. Against a public officer, or person specially appointed to execute his duties, for any act done by him in virtue of his office, or against a person who, or by his command or in his aid, does anything touching the duties of such officer."

In the context of § 79 a cause of action arises when it originates, comes into being, presents itself and becomes operative, at the place where the act or breach occurs which first gives the cause of complaint and creates the necessity for bringing an action. (*Bergin* v. *Temple*, 111 P.2d 286, 133 A.L.R. 1115, 1119, 1120.) This is an action for a declaratory judgment where an essential ingredient of the cause of action is the existence of a controversy, which refers, in this case, to the construction of a statute, with respect to the powers and faculties of two public officials. It involves a conflict in two views of interpretation, a conflict between a certain government theory and the plaintiff's point of view. The gist of the declaratory action lies in the expression of the official theory of the defendant, of the government interpretation which takes form and originates in San Juan, the government seat where the operative cause of action first accrues. It is in San Juan where the controversy originates, since it is there that the first act occurs which gives rise to and causes the judicial complaint and creates the necessity for bringing suit. It is in San Juan where the act determining the cause of action occurs, where the development of the process of formation of the controversy arises. The cause of action, therefore, had its origin at the place where the San Juan Court is located, and the Ponce Court acted correctly in transferring the case to the San Juan Court.

■ Subdivision 2 of the afore-cited § 79 contemplates affirmative acts of officers who directly interfere with the personal or property rights of third persons, and in the

absence of such affirmative acts § 81 of the Code of Civil Procedure would then apply causing the case to be heard in the part of the court held at the place where the defendants reside. *Legarreta* v. *Treasurer*, 55 P.R.R. 20; *Cafeteros de P. R.* v. *Treasurer*, 64 P.R.R. 416; *Mari* v. *Planning Board*, 65 P.R.R. 597; *Brock* v. *Superior Court*, California, 165 P. 2d 59, subsequent opinion as to other particulars in 29 Cal. 2d 629, 170 A.L.R. 521. Even assuming the fact that the Inspector of Cooperatives' demand for delivery of certain information is equivalent to an affirmative act, the cause of action in the instant case does not arise by reason of defendant's acts but by reason of the statutory construction which gave rise to those acts. The judicial conflict does not refer especially to the specific impact of the defendants' acts, but to the construction which should be given to the statute. Furthermore, the petition for information acquires effectiveness at the place where the petition originated. Compliance with the petition for information takes effect and meaning at the offices of the Inspector of Cooperatives and the Secretary of Agriculture and Commerce. That is the true background or battlefield for the conflict between two opposite theories. It is there the controversy is actually located and the antagonism between the parties originated and should be decided.

The cases of *Mari* v. *Planning Board*, *supra*, and *Clemente* v. *Board of Examiners, Etc.*, 38 P.R.R. 810, are in point. In the *Mari* case it was held that if a cause of action accrues by reason of a decision of the Planning Board refusing a permit for segregation because it was contrary to the Planning Regulation, the case had to be removed from the Mayagüez to the San Juan Court, since it was in San Juan where the cause of action arose. In the *Clemente* case it was held that where a license is denied by the Board of Examiners of Engineers and Architects, that act being an official act included within the functions of subdivision 2 of

§ 79 of the Code of Civil Procedure, which took place in San Juan, where the Board has its offices and legal domicile, the case was removable to the San Juan Court.

The case of *Cecil* v. *Superior Court*, 59 Cal.App. 2d 793, 140 P. 2d 125, involved a mandamus proceeding to revoke an order of the Director of Agriculture of California cancelling the license of a milk distributor which had its offices in Los Angeles County. It was held that the mandamus proceeding had to be heard in Los Angeles County and not in the Capital where the Director of Agriculture had his offices. That case is distinguishable in fact and substance. The more recent California case of *Brock* v. *Superior Court*, *supra*, is more in point; it dealt with a declaratory action as to the construction which should be given to a Regulation of the Director of Agriculture and with an attack on the validity and reasonableness of those regulations. It was held that the action was removable to the county where the capital was located, which was the place of residence of the Director of Agriculture, and not to the county where the plaintiffs lived and where the property affected by the regulation was located.

 Appellant alleges that the defendants waived their possible right to have the case removed to San Juan, since they had filed motions for extension to plead, and an answer to the complaint, in the Ponce Court. As we have already seen, under § 10 of the Judiciary Act, a case may be heard at a part of the court other than the appropriate part if there is an agreement of the parties and the consent of the judge. The defendants filed their first motion for extension jointly with the motion for a change of venue, and in filing their second motion for extension, they referred to the motion for change of venue which was still pending for hearing and decision. Subsequently they filed their answer to the complaint in the Ponce Court. Under these circumstances it is clear that the defendants did not agree that the case be heard in Ponce, but signified their intention that any

allegation which they presented in the Ponce Court was subject to the outcome of their motion for change of venue. In any event, the second essential requirement for hearing the case in the Ponce Court and not in the San Juan Court was lacking, that is, the Ponce judge did not give his consent to have the case heard in the Ponce Court.

The Judiciary Act is the source of reference on the question of submission by agreement with respect to the power of a part or section of a court. But even referring to the Rules of Civil Procedure applicable to declaratory judgments (see Rule 57) the motions for extension filed in the instant case were not equivalent to a submission precluding a motion for change of venue.

The judgment appealed from will be affirmed.

Mr. Justice Belaval concurs in the result.