[No. 11227. In Bank. — May 25, 1886.]

## S. C. HASTINGS, RESPONDENT, *v.* MARY KELLER, APPELLANT.

CHANGE OF VENUE — RESIDENCE OF DEFENDANT — CONFLICT OF EVIDENCE. — An order refusing to change the place of trial of an action to the county in which the defendant claims to reside will not be reversed on appeal, if the evidence as to the place of residence of the defendant is conflicting.

APPEAL from an order of the Superior Court of Lake County refusing to change the place of trial.

The facts are stated in the opinion of the court.

*Tyler & Tyler*, for Appellant.

*R. B. Wallace*, and *Eugene W. Britt*, for Respondent.

MYRICK, J. — This case is before us on appeal from an order refusing to change the place of trial, and on motion to stay proceedings pending the appeal. The motion for stay was made and argued, and on the argument the case on the appeal was also submitted. From the view we take of the case on the merits of the appeal, it is unnecessary now to determine the question as to the stay.

The action was commenced in Lake County, and the defendant was served with summons. The defendant demurred, filed an affidavit of merits, and an affidavit that at the time of the commencement of the action, and for several years prior thereto, and then, she resided in the city and county of San Francisco, and demanded that the place of trial of said cause be changed to the said city and county of San Francisco.

In opposition, the plaintiff filed an affidavit, in which he stated that the defendant was, at the commencement of the action, and is, a resident of this state; but that he did not then, and does not, know in what county she resided when the action was commenced; that the county in which she then resided was unknown to him; that, as he believed, she had no fixed or settled place of abode, and for several years it had been her custom to frequently shift her place of abode, at times domiciling temporarily in the city and county of San Francisco, in others in Lake County, and in others in Alameda and other counties.

The court denied the motion of the defendant. We see no error. The court below, in denying the motion, must have determined upon the conflict in the affidavits that the defendant did not reside in the city and county of San Francisco. Where the evidence as to defendant's residence is conflicting, the finding of the court below will not be reversed. (*Creditors* v. *Welch*, 55 Cal. 469.)

If, as suggested by counsel, a refusal to change the place of trial would work a hardship, the remedy is with the legislature.

The order is affirmed.

MORRISON, C. J., SHARPSTEIN, J., McKEE, J., and THORNTON, J., concurred.

ROSS, J., dissented.

Rehearing denied.