CONLON v. GARDNER et al.

No. 18,008; March 9, 1893.

32 Pac. 565.

**Change of Venue—Review.**—Where the Evidence on the Hearing of a motion for change of venue on the ground of change of residence is conflicting as to whether the residence had actually been changed when the action was commenced, the discretion of the trial court in denying the motion will not be reviewed on appeal.

APPEAL from Superior Court, Amador County; C. B. Armstrong, Judge.

Action by Thomas Conlon against Eli Gardner and Eleanor T. Gardner. From an order denying their motion for a change of venue, defendants appeal. Affirmed.

Eagon & Rust for appellants; Caminetti & McGee for respondent.

BELCHER, C.—The plaintiff commenced this action to recover from the defendants the sum of $3,000, alleged to be due him from them as commissions for the sale of certain mining property situate in the county of Amador. The complaint was filed in the superior court of Amador county on September 5, 1891, and the summons was duly served on defendants in that county on the 15th of the same month. In due time defendants demurred to the complaint, filed an affidavit of merits, and an affidavit that they were at the time of the commencement of the action, and were then, and had been ever since the —— day of June, 1891, residents of and actually residing in the county of Alameda, and demanded that the place of trial of the action be changed to the county of Alameda. The plaintiff contested the application for a change of venue, and, when the motion came on to be heard, a large number of additional affidavits were filed and read on both sides. The court below denied the motion, and the defendants appeal from the order.

The plaintiff's affidavits were positive to the effect that defendants had resided in Amador county for a good many

years, and continued to reside there until September 25, 1891. The defendants' affidavits, on the other hand, were positive to the effect that defendants left Amador county and became permanent residents of Alameda county on July 18, 1891, and that they thereafter had only gone back to the former county two or three times on business. It was, however, admitted that their household furniture and some of their children remained in their old home until September 25th. The question, then, presented for decision by the trial court was one of fact, viz., Where did defendants actually reside on September 5th, the date of the commencement of the action? The evidence upon this question was clearly and squarely conflicting, and it has been held that in such a case an order like that appealed from here will not be disturbed on appeal: Creditors v. Welch, 55 Cal. 469; Hastings v. Keller, 69 Cal. 606, 11 Pac. 218. And if, as said in Tuller v. Arnold, 93 Cal. 168, 28 Pac. 863, this rule does not apply where the evidence is all documentary, still "this court will not interfere with the discretion of the trial court, except where it can plainly see that there has been an abuse of such discretion." Here we do not think it can be said that the court plainly abused its discretion in denying the defendants' motion.

The order should be affirmed.

We concur: Haynes, C.; Searls, C.

PER CURIAM.—For the reasons given in the foregoing opinion the order is affirmed.