## SMITH et al. v. SMITH.

### No. 18,162; October 4; 1894.

#### 38 Pac. 43.

**Venue in Civil Cases—How Determined.**—The nature of a cause of action, so far as it determines the venue, must be ascertained from the complaint alone, without considering any amendment which plaintiff may intend to make.

**Venue—Action to Declare Deed a Mortgage.**—A complaint asking that it be adjudged that certain deeds of land are mortgages, and that they have been paid, and that, if it be found that any part of the debt remains unpaid, plaintiffs be admitted to redeem, and that they be let into possession, states a local cause of action, which should be brought in the county in which the land lies.

APPEAL from Superior Court, Tuolumne County; John Hunt, Judge.

Action by E. H. Smith and others against Cyrill C. Smith. From an order denying a change of venue defendant appeals. Affirmed.

J. C. Law (James H. Budd of counsel) for appellant; J. C. Campbell and F. D. Nicol for respondents.

VANCLIEF, C.—This is an appeal from an order denying defendant's motion to change the venue from Tuolumne county, where the action was commenced, to the county of Merced, where the defendant resided at the time the action was commenced, to wit, July 20, 1892. A former action by the same plaintiffs against the same defendant for the same and additional relief, and founded on the same and an additional cause of action, was commenced in Tuolumne county on July 20, 1891, in which defendant's motion to change the venue of that action to the county of Merced was denied, and upon appeal from the order denying the motion this court reversed the order, and directed the court below to grant the change (Smith v. Smith, 88 Cal. 572, 26 Pac. 356) ; but before the change of venue was granted by the lower court the plaintiffs dismissed the action, and thereafter commenced the action in which was made the order from which the present appeal was taken.

It is contended by appellant that substantially the same grounds for a change of venue appear to exist in this case as in the former, and that upon the authority of the decision of this court in the former case the order denying a change of venue in this case should be reversed. The substance of the complaint in the former action is stated in the opinion of the court on the appeal from the order in that action (88 Cal. 573, 26 Pac. 356), whereby it appears that that complaint stated both a local and a transitory cause of action—a cause of action to compel the defendant to convey to plaintiffs certain lands situate partly in Tuolumne county and partly in the county of Merced, and a cause of action to compel the defendant to account for money and other personal property alleged to have been received by him as partnership property of a firm composed of himself and one D. G. Smith, deceased, under the latter of whom the plaintiffs claimed an interest in the partnership property by inheritance. It was held on that

appeal that, inasmuch as the complaint stated a transitory as well as a local cause of action, the defendant was entitled to a change of venue to the county of Merced, in which he resided, the court saying: "The plaintiff cannot, by uniting in his complaint matters which form the subject of a personal action with matters which form the subject of a local action, compel the defendant to have both those matters tried in a county other than that in which he resides. It is only when real estate alone is the subject matter of the action that the provisions of section 392 of the Code of Civil Procedure can be invoked against a defendant who resides in a county different from that in which the land is situated." The respondents claim that real estate alone is the subject matter of this subsequent action, from the order in which this appeal was taken; that the facts constituting a personal or transitory cause of action in the complaint considered on the former appeal are entirely absent from the complaint involved in this appeal. The substance of the complaint in this action is that on July 29, 1876, D. G. Smith, under whom plaintiffs claim by inheritance, was the owner of several thousand acres of land, of the value of $200,000, situated partly in each of the counties of Tuolumne, Merced and San Luis Obispo, and was then indebted to defendant in the sum of $31,000, and to other persons in the sum of $33,000; that for the sole purpose of securing the payment of such indebtedness he then conveyed all said lands by deeds absolute on their face to the defendant, under a contemporaneous agreement with defendant that the deeds should be considered only mortgages; that defendant should take possession of the mortgaged property, and manage the same, and pay all the indebtedness to secure which the deeds were executed, and when all such indebtedness should be paid the defendant should reconvey to him (D. G. Smith) all said mortgaged real property; that all said deeds were made at the same time and as one transaction; that no other consideration passed between the parties than said agreement; that D. G. Smith died intestate February 2, 1883, and all the debts of his estate, including the debts of decedent to defendant and others to secure which said deeds were executed, have been fully paid and discharged; that ever since the twenty-ninth day of July, 1876, the defendant has had, and still has, the exclusive possession of said mortgaged lands, and during

all that time has received all the rents, issues and profits thereof, and that no part thereof has been administered upon as the estate of D. G. Smith, deceased; that defendant did not reconvey to D. G. Smith said mortgaged property, nor any part thereof, and upon their demand has refused to convey to the plaintiffs the undivided five-sixths thereof, to which they are entitled, or to admit them to the possession as tenants in common with him; and that the value of said mortgaged property is $300,000. Allegations not pertinent to the question of venue, including those showing the heirship of the plaintiffs, are omitted. The prayer of the complaint is substantially that it be adjudged that said deeds are mortgages, and that they have been paid and satisfied; that plaintiffs are owners of five-sixths of the mortgaged land, and that they be let into possession as tenants in common with defendant; that, should it be found that any part of the mortgage debts remain unpaid, plaintiffs be permitted "to redeem from the mortgages simultaneously with the execution of conveyances of said real property to them by defendant"; and that plaintiffs have such other and further relief as may be proper.

By comparing this complaint with that in the former action it will be seen that all the facts of that complaint held to constitute a transitory cause of action have been omitted from this complaint, and this is admitted by counsel for appellant. But they claim that the affidavit of the defendant on which the motion was made shows that plaintiffs intend so to amend their complaint in this action that they may introduce proof of all the facts alleged in their former complaint. They say: "We do not claim that under the present form of the complaint in this action, without any amendment thereto, that plaintiffs could introduce such proofs." That affidavit, among other things, contains the following: "That the complaint in this action was drawn and this action commenced in its present form with the intent of preventing a transfer of this action to Merced county, and with the purpose of litigating and determining in this action under said complaint or amendments thereto all questions and matters that might have been litigated under the former complaints in the dismissed actions aforesaid. And it is plaintiffs' purpose to have litigated and determined in this action under the allegations of the complaint herein, or an amendment to the complaint herein, all

the questions as to the transfer of the aforementioned personal property from D. G. Smith to C. C. Smith, and the management thereof by C. C. Smith, that might have been or could be determined or litigated under a complaint in form of action No. 636 aforesaid.'' As to those statements in defendant's affidavit there was no counter-affidavit, and it is therefore claimed by appellant that defendant's affidavit must be taken as true. Whether the affidavit is true or not, I think the nature of the cause of action, so far as it affects or determines the place of trial, must be ascertained from the complaint alone. Nor are the cases cited by appellant's counsel opposed to this view. In each of those cases, viz., Creditors v. Welch, 55 Cal. 469, Hastings v. Keller, 69 Cal. 606, 11 Pac. 218, McSherry v. Mining Co., 97 Cal. 637, 32 Pac. 711, the affidavits related to the place of residence of the defendant, which constitutes no part of a cause of action. I think the complaint in this case states only a local cause of action, which cannot be distinguished from that stated in the case of Baker v. Insurance Co., 73 Cal. 182, 14 Pac. 686, which case was not overruled by the case of Smith v. Smith, 88 Cal. 572, 26 Pac. 356; and the lower court did not err in denying the motion to change the venue. What would be the effect of such an amendment of plaintiffs' complaint as anticipated by defendant is a question not involved in this appeal. Should it arise in the court below hereafter, it must be presumed that that court will properly dispose of it. I think the order should be affirmed.

We concur: Searls, C.; Haynes, C.

PER CURIAM.—For the reasons given in the foregoing opinion the order appealed from is affirmed.