[No. H011398. Sixth Dist. Oct. 1, 1993.]

FOUNDATION ENGINEERS, INC., et al., Petitioners, v.
THE SUPERIOR COURT OF SANTA CLARA COUNTY, Respondent;
OLIVEWOOD I PROFESSIONAL OFFICES OWNERS ASSOCIATION,
Real Party in Interest.

**[Opinion certified for partial publication.\*]**

---

\*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts 3, 4, 5, and 8.

**COUNSEL**

Marderosian, Swanson & Oren and Michael G. Marderosian for Petitioners.

No appearance for Respondent.

Richard D. White and Rob D. MacDonald for Real Party in Interest.

**OPINION**

**WUNDERLICH, J.—**

1. *Introduction*

We determine below a question of first impression: What is the proper venue for an action based on the negligent design and construction of a building?

Petitioners Foundation Engineers, Inc., and The Twining Laboratories, Inc., seek a statutory writ of mandate following denial of a motion to change venue to the county where the buildings are located. We will grant the writ for reasons stated below.

2. *Trial court proceedings*

On July 9, 1991, plaintiff Olivewood I Professional Offices Owners Association (property owner) filed a complaint in Santa Clara County alleging the following. Property owner is an association that owns an office condominium project (the buildings) located in the City and County of Merced, California. Numerous defendants, including petitioners, negligently designed and constructed the buildings, which are now defective and require

restoration. "Among [the] defective conditions . . . are the following . . . : [¶] Defects in soil preparation and foundation construction, undermining the structural integrity and longevity of the buildings." As a result of the defective work, "the value of the subject property and structures has been reduced and diminished in an amount presently unknown." The complaint alleged causes of action for negligence, strict liability, breach of implied warranty, and declaratory relief. Property owner asked for damages and for a declaration that defendants are required to fix the defects. There was no allegation of a contract between property owner and any defendant.

Petitioners sought to move the case to Merced County and filed a motion for change of venue. The motion was heard on March 2, 1993. In a notice of ruling, the court conditionally denied the motion, "provided that within ten (10) days of the date this order is filed, plaintiff deletes from its complaint all references or allegations concerning damage to the real property upon which the subject office building is situated. Contrary to the claim made in plaintiff's opposition to the motion, the complaint in its present form does in fact explicitly allege injury (in the form of diminished value) to the underlying real property; while the Court will accept plaintiff's assurance . . . that plaintiff is not actually seeking damages for such alleged injury, moving defendants properly may contest venue in this Court as long as the allegations in question remain."

Subsequently property owner filed a "revised first amended complaint" that described Foundation Engineers as a California corporation doing business in Merced County and Twining Laboratories, Inc., as the successor-in-interest of Foundation Engineers, doing business in Merced County. The amended complaint repeats the allegations quoted above. The sole detectable change in conformance with the trial court's direction is that the strict liability cause of action was amended to allege that the value of the "subject structures," rather than the "real property," has been reduced and diminished.

Petitioners made a second motion to change venue which was denied after hearing on May 27, 1993, by an order filed June 24, 1993, and this petition for writ of mandate was filed July 2, 1993.

3.-5.*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

## 6.   *The venue statutes*

The venue statutes provide for a variety of locations for trial of actions, depending on the nature of the action.

*See footnote, *ante*, page 104.

Code of Civil Procedure section 392[1] provides in pertinent part: "(1) Subject to the power of the court to transfer actions and proceedings as provided in this title, the county in which the real property, which is the subject of the action, or some part thereof, is situated, is the proper county for the trial of the following actions: [¶] (a) For the recovery of real property, or of an estate or interest therein, or for the determination in any form, of such right or interest, and for injuries to real property . . . ."

Section 395, subdivision (a), provides in part: "If the action is for injury to person or personal property or for death from wrongful act or negligence, either the county where the injury occurs or the injury causing death occurs or the county in which the defendants, or some of them reside at the commencement of the action, shall be a proper county for the trial of the action."

Section 395, subdivision (a), further provides in part: "Subject to subdivision (b), when a defendant has contracted to perform an obligation in a particular county, either the county where the obligation is to be performed or in which the contract in fact was entered into or the county in which the defendant or any such defendant resides at the commencement of the action shall be a proper county for the trial of an action founded on such obligation, and the county in which the obligation is incurred shall be deemed to be the county in which it is to be performed unless there is a special contract in writing to the contrary."

Section 395.5 provides in part: "A corporation or association may be sued in the county where the contract is made or is to be performed, or where the obligation or liability arises, or the breach occurs; or in the county where the principal place of business of such corporation is situated . . . ."

7. *Venue is proper at the location of the negligently designed and constructed building*

The venue statutes above contain potentially overlapping provisions for the place of trial, particularly when an action involves multiple causes of action. Since these statutes do not provide rules for determining which provision applies, the courts have developed some rules.

█ Actions involving realty and fitting under section 392 are termed "local," as contrasted with "personal" or "transitory." (*Smith* v. *Smith* (1891) 88 Cal. 572, 575-576 [26 P. 356]; *Smith, et al.* v. *Smith* (1894) 4 Cal.Unrep. 860, 861 [38 P. 43].) We are particularly concerned with the provision in section 392 fixing venue "for injuries to real property."

---

[1]Section references are to the Code of Civil Procedure.

One approach to fixing venue in an action involving multiple causes of action is to determine the essence of the action. What is its "nature?" (*Smith, et al.* v. *Smith, supra,* 4 Cal.Unrep. at p. 864.) What is its "subject-matter?" (*Smith* v. *Smith, supra,* 88 Cal. at p. 576.) What is "the main relief sought?" (*Grangers' Bank* v. *Superior Court* (1893) 4 Cal.Unrep. 130, 133 [33 P. 1095].) This approach ascertains the essential character of the action to establish venue.

Another approach to fixing venue is to disregard local causes of action when joined to personal or transitory causes of action. *Smith* v. *Smith,* detected a "general spirit and policy of the statute . . . to give to the defendant the right of having all personal actions against him tried in the county of his residence." (88 Cal. at p. 575.) When a plaintiff joins local and transitory causes of action, venue follows the transitory cause of action. (*Id.* at p. 576.)

*Turlock Theatre Co.* v. *Laws* (1939) 12 Cal.2d 573 [86 P.2d 345, 120 A.L.R. 786], employed the second approach. That action was for unpaid theater rentals, to terminate the lease and recover possession. (*Id.* at p. 574.) The court determined that ". . . the cause of action for the unpaid rentals is the primary object of the complaint, and relief by way of restoration of possession would follow the judgment on that cause of action." (*Id.* at p. 578.) Since a transitory cause of action was joined with a local one, venue followed the transitory one. (*Ibid.*)

Some opinions have employed both approaches. *Peiser* v. *Mettler* (1958) 50 Cal.2d 594 [328 P.2d 953, 74 A.L.R.2d 1], is a pertinent example. It involved "four so-called causes of action: breach of contract; conversion of certain structures and improvements; restoration and reinstallment of the same structures and improvements; and a cause of action for waste 'if such property cannot be restored.' " (*Id.* at pp. 603-604.) The relief sought was damages for breach of contract, damages for waste, and damages for the loss of use and value of improvements if they could not be restored. (*Id.* at p. 604.) The removed improvements were "two dwelling houses; one duplex dwelling; one general utility building; one shed;" and various well-drilling equipment. (*Id.* at p. 600.)

The court concluded "that the main relief sought in all four causes of action was personal and that title to, or possession of, real property was only incidentally involved." (50 Cal.2d at p. 604.) "The entire transaction arose out of the alleged breach of the lease agreement . . . ." (*Id.* at p. 605.) The only wrong alleged was "the removal of the improvements heretofore described in violation of the terms of the lease." (*Id.* at p. 605.) "The severance

of the fixtures and improvements from the land 'changed the character of the property from real to personal, irrespective of the means by which it was accomplished.' " (*Id.* at p. 606.) Thus, either the main relief sought was transitory or at least a transitory cause of action was joined with a local one, so venue followed the transitory cause of action. (*Ibid.*) The court did not expressly consider whether an injury to real property was alleged.

*Peiser* is important for its differences. It arose out of a lease contract. As noted above, section 395 contains special provisions for breach of contract actions. No breach of contract is alleged here.

While *Peiser* involved alleged damage to improvements, the improvements were no longer fixtures because they had been severed from the realty. This implies that the damaged improvements would have retained their character as realty if they had not been severed from the realty.

We search in vain for California precedent on venue for construction defects. ▮▮ Petitioners rely on *Stauffer Chemical Co.* v. *Superior Court* (1968) 265 Cal.App.2d 1 [71 Cal.Rptr. 202], which concluded that an action for damages to growing crops is a local action. "[G]rowing crops are a part of the realty as long as unsevered." (*Id.* at p. 3.) ▮▮ It explained: "Whatever its origin in history or custom, the venue rule governing actions for injury to real property usually promotes the convenience of the court, litigants and witnesses. It points to the most convenient forum as an original matter, relieving the defendant of the burden of demonstrating convenience. ▮▮ *To this extent a lawsuit for an injury to growing crops has the same characteristics as one for injury to the land or buildings.*" (*Id.* at p. 3; our italics.) Since the main relief sought was for injury to real property, the joinder of breach of warranty counts to negligence counts did not change the action into a mixed action. (*Id.* at p. 4.)

This dictum about crops being like buildings is the closest California authority on the venue for defective construction. It also comports with the implication of *Peiser* that unsevered improvements are realty and that damage to such improvements is an injury to real property.

Property owner relies on *Hammon* v. *American etc. Mining Co.* (1962) 203 Cal.App.2d 306 [21 Cal.Rptr. 409], which held: "An action for breach of a mineral lease, seeking principally royalties for the removed minerals, an injunction against encumbrance of claims covered by the agreement and a decree establishing the rights and duties of the parties under the contract, does not become a local action because realty may be involved. In substance, this is a single action for the redress of one wrong; the main relief sought is personal, and the action is transitory." (*Id.* at pp. 306-307.)

The court reasoned in part: "If, as here, appellant's sole or main relief consists of a money judgment, and other relief is an incident to that end, the action, for venue purposes, must be classified as transitory. [Citation.] Indeed, even if an action involves realty, it constitutes for venue purposes a transitory action if the main relief sought is a money judgment. Thus an action for the specific performance of a contract for the sale of realty is deemed local if brought by the vendee, since the vendee seeks possession (*Santa Barbara Lodge No. 605* v. *Penzner* (1951) 104 Cal.App.2d 494 [parallel citation]); it is considered transitory if brought by the vendor, since the vendor merely seeks the purchase price. (*Work* v. *Associated Almond Growers* (1926) 76 Cal.App. 708 [parallel citation]; *O'Gorman* v. *Wachter* (1925) 71 Cal.App. 266 [parallel citation]; [citation].)" (203 Cal.App.2d at p. 309.) *Hammon* relied on *Peiser* v. *Mettler, supra,* 50 Cal.2d 594 (203 Cal.App.2d at pp. 308, 311) and *Turlock Theatre Co.* v. *Laws, supra,* 12 Cal.2d 573 (203 Cal.App.2d at p. 310).

We do not question the result of *Hammon* v. *American etc. Mining Co., supra,* based on the facts of that case. It arose from the breach of a lease. However, we do regard the asserted money damages test as an oversimplification of the law. *Peiser* v. *Mettler, supra,* would hardly have needed pages of analysis to determine venue if the test is simply whether money damages are sought.

This purported test also fails to explain *Williams* v. *Merced Irr. Dist.* (1935) 4 Cal.2d 238 [48 P.2d 664]. Property owners sued an irrigation district for flooding part of their land by making a dam. This unconsented entry was regarded as "a trespass and an injury to their real property." (*Id.* at p. 241.) "They have brought this action for damages caused by reason of the trespass, or for an injunction, in the event such damages are not paid, and for restitution of the premises." (*Ibid.*) The court held section 392 applicable, despite the claim for money damages. (*Ibid.*)

▪ Contrary to the suggestion in *Hammon* v. *American etc. Mining Co., supra,* the test for venue is not simply whether money damages are sought. An action may essentially be local although it seeks damages for an injury to real property.

▪ Property owner asserts that its "case does not state a claim for diminution in the value of real property . . . ." While property owner did eliminate this phrase from the amended complaint, this semantic prestidigitation cannot hide the essential nature of this action.

Property owner does not contend that petitioners have joined local and transitory causes of action. Property owner contends that the essential

character of this action is transitory, not local. We conclude that the essence of this action is for injuries to real property as the alleged damages are to buildings affixed to real property. The counts for declaratory relief and breach of implied warranty do not alter this conclusion. Neither is based on a breach of contract. Both arise instead from tort theories predicated on an injury to real property.

This conclusion finds some support in a related area of the law. *Mack* v. *Hugh W. Comstock Associates* (1964) 225 Cal.App.2d 583 [37 Cal.Rptr. 466], held that construction defects were governed by the limitations statute applicable to injuries to real property, and not those applicable to breaches of express or implied warranties. (*Id.* at p. 589.) Subsequently, in 1971 special limitations statutes for construction defects were enacted. (§§ 337.1, 337.15.)

Property owner contends that the application of section 392 would lead to absurd results. "[A] contractor from the Bay Area who installs a countertop in Tahoe could, on the basis of the property location alone, be required to defend his or her work in Placer County." We agree this result would follow if no other venue provision applied, in other words, if no cause of action alleged either a breach of contract or personal injuries or a corporate defendant with a different principal place of business. (Cf. *Gutierrez* v. *Superior Court* (1966) 243 Cal.App.2d 710 [52 Cal.Rptr. 592]—venue for personal injuries resulting from sliding glass door proper at corporate defendant's principal place of business.) We do not regard this result as absurd. When an injury to real property or a building affixed to real property or a part of the building is alleged, trial in the county where the building is located will facilitate examination of the alleged damage by expert witnesses and by the fact finder.

Although cited by neither side, we also considered foreign authority on this issue. In *North Valley Water* v. *Northern Imp. Co.* (N.D. 1987) 415 N.W.2d 492, the Supreme Court of North Dakota considered whether faulty workmanship in underground pipes was an injury to real property. The plaintiff had alleged faulty workmanship, misrepresentation, breach of contract, and negligence in the construction and installation of an underground pipeline. (*Id.* at p. 493.) The court concluded: "The essential character of Water Association's suit is breach of contract. The physical damage to the pipeline is an incidental consequence of the alleged breach of contract. Water Association seeks money damages against the defendants." (*Id.* at p. 494.) The judgment would at most indirectly affect the property. (*Ibid.*) "We hold that the alleged defects in the pipeline resulting from defendants' alleged breach of contract are not the type of injuries to real property

contemplated by [the statute]. Our construction of [the statute] is admittedly narrow, but is consistent with the rationale of our past decisions and with the apparent trend in other states." (*Id.* at p. 495.)

In *Coastal Mall, Inc.* v. *Askins* (1975) 265 S.C. 307 [217 S.E.2d 725], the Supreme Court of South Carolina considered whether faulty construction of a mall canopy was an injury to real property. The complaint alleged negligent breach of a written contract. (*Id.* at p. 726.) The court concluded: "Here the . . . primary right of the plaintiff was the right to have the construction contract properly performed. . . . The subject of this action is clearly, we think, such contract and its alleged breach." (*Id.* at p. 727.) Any injury to real property derived from a breach of contract. (*Ibid.*)

Both *North Valley Water* and *Coastal Mall, Inc.* have the same key feature: each case arose from underlying breaches of contract. We reiterate that here property owner has not alleged any contract breach and here both cases are distinguishable.

8. *Complaint amendment to defeat venue should not be allowed**

. . . . . . . . . . . . . . . . . . . . . . . . . .

9. *Disposition*

Real party in interest has been notified that a peremptory writ may be issued and has filed opposition. (§ 1088; *Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 177-182 [203 Cal.Rptr. 626, 681 P.2d 893].)

The writ of mandate is issued. The trial court is directed to vacate its order of June 24, 1993, denying petitioners' motion and to grant the motion to change venue to Merced County. Petitioners shall recover costs.

Premo, Acting, P. J., and Elia, J., concurred.

---

*See footnote, *ante*, page 104.