Filed 11/6/17

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

<table>
<tr><td>

DOW AGROSCIENCES LLC,

     Petitioner,

v.

THE SUPERIOR COURT OF
ALAMEDA COUNTY,

     Respondent;

CENTER FOR ENVIRONMENTAL
HEALTH,

     Real Party in Interest.

</td><td>

A150854

(Alameda County
Super. Ct. No. RG16831788)

</td></tr>
</table>

## I.  INTRODUCTION

This writ proceeding arises out of a dispute about the proper venue for trial of a cause of action for violating the California Safe Drinking Water and Toxic Enforcement Act of 1986, Health and Safety Code section 25249.5 et seq. (Proposition 65 or the Act).

Center for Environmental Health (CEH) filed a complaint in Alameda County alleging that Dow Agrosciences LLC (Dow) and other unnamed defendants are violating the Act by failing to warn individuals who live or work in the Kern County town of Shafter that a soil fumigant manufactured by Dow contains a chemical known to cause cancer.  Dow responded to the complaint by filing a motion to transfer this case to Kern County, where the cause of action arose, pursuant to section 393, subdivision (a) of the Code of Civil Procedure (section 393(a).)[1]  The trial court denied the motion, finding that

---

[1] All further section references are to the Code of Civil Procedure, unless otherwise stated.

venue is proper in any county under section 395, subdivision (a) (section 395(a)) because Dow is a nonresident defendant with no principal place of business in California.

Dow seeks extraordinary relief from the trial court order. "Pursuant to section 400, a party aggrieved by an order granting or denying a motion to change venue may petition for a writ of mandate requiring trial of the case in the proper court. [Citation.]" (*Fontaine v. Superior Court* (2009) 175 Cal.App.4th 830, 836 (*Fontaine*).) We conclude that section 393(a) establishes that the proper court for trial of this case is in Kern County. Therefore, we grant the petition for writ of mandate.[2]

## II. OVERVIEW OF PERTINENT VENUE RULES

"It is well established that a defendant is entitled to have an action tried in the county of his or her residence unless the action falls within some exception to the general venue rule. [Citations.]" (*Brown v. Superior Court* (1984) 37 Cal.3d 477, 483 (*Brown*); *Fontaine*, *supra*, 175 Cal.App.4th at p. 837; see also *Massae v. Superior Court* (*Massae*) (1981) 118 Cal.App.3d 527, 531 [" 'policy of the law favors the right of trial at the defendant's residence' "].)

This general rule is codified in the first sentence of section 395(a), which states: "Except as otherwise provided by law and subject to the power of the court to transfer actions or proceedings as provided in this title, the superior court in the county where the defendants or some of them reside at the commencement of the action is the proper court for the trial of the action."

Section 395(a) also contains exceptions to the general venue rule. For example, actions for personal injury or injury to personal property resulting from the defendant's negligence may be filed in the county where the injury occurred, or in the county where the defendant resides. (§ 395(a).) Another provision in section 395(a), which CEH relies

---

[2] Previously, a different panel of this court denied Dow's mandate petition. However, by order issued on April 26, 2017, the Supreme Court granted a petition for review, and transferred the matter back to this court "with directions to vacate its order denying mandate and to issue an order to show cause why the relief sought in the petition should not be granted." (Order (Apr. 26, 2017) S241133.)

on in the present case, states: "If none of the defendants reside in the state or if they reside in the state and the county where they reside is unknown to the plaintiff, the action may be tried in the superior court in any county that the plaintiff may designate in his or her complaint . . . ."

While section 395(a) qualifies the general venue rule by establishing additional alternative venues for adjudicating certain types of actions or for filing suit against certain types of defendants, some other statutory exceptions identify a different court than the defendant's county of residence as the only proper venue for trial of a case. The most commonly used exception of this type is codified in section 392, subdivision (a) (section 392(a)).

Section 392(a) provides that "[s]ubject to the power of the court to transfer actions and proceedings," the proper county for trial of an action to adjudicate rights or interests in or injuries to real property is the county "where the real property that is the subject of the action, or some part thereof, is situated." Cases governed by section 392(a) are often characterized as "local" in nature and distinguished from cases seeking personal or "transitory" relief, which are typically governed by the general venue rule that a case should be tried in the county where the defendants or some of them reside at the time the action is commenced. (3 Witkin, Cal. Procedure (5th ed. 2008) Actions, § 788; see also *Foundation Engineers, Inc. v. Superior Court* (1993) 19 Cal.App.4th 104, 108, 111-112 (*Foundation Engineers*); see, e.g., *Massae*, *supra*, 118 Cal.App.3d 527.)[3]

Section 393(a), the exception relied on by Dow in the present case, also designates a court other than the superior court in the defendant's county of residence as the proper

---

[3] Until 1966, the designation of an action as "local" in nature had jurisdictional implications. Former section 5 of Article VI of the California Constitution provided that "[a]ll actions for the recovery of the possession of, quieting the title to, or for the enforcement of liens upon real estate, shall be commenced in the county in which the real estate, or any part thereof, affected by such action or actions, is situated." This provision was construed as a jurisdictional venue provision that compelled commencement of a local action in the proper court, i.e., in the county in which the property was situated. (See *All-Cool Alum. etc. Co. v. Superior Court* (1964) 224 Cal.App.2d 660, 665.)

3

place of trial, providing in part: "Subject to the power of the court to transfer actions and proceedings as provided in this title, the county in which the cause, or some part of the cause, arose, is the proper county for the trial of the following actions: [¶] (a) For the recovery of a penalty or forfeiture imposed by statute, except, that when it is imposed for an offense committed on a lake, river, or other stream of water, situated in two or more counties, the action may be tried in any county bordering on the lake, river, or stream, and opposite to the place where the offense was committed."

With these pertinent rules in mind, we turn to the venue dispute in the present case.[4]

## III. PROCEDURAL HISTORY

### A. *The Complaint*

In September 2016, CEH filed a complaint in Alameda County alleging a single cause of action against Dow and 100 Doe defendants for violating Health and Safety Code section 25249.6, a provision of Proposition 65 that states: "No person in the course of doing business shall knowingly and intentionally expose an individual to a chemical

---

[4] Section 395.5, another statutory exception to the general venue rule, is worth noting, although neither party contends that it controls here. Section 395.5 states: "A corporation or association may be sued in the county where the contract is made or is to be performed, or where the obligation or liability arises, or the breach occurs; or in the county where the principal place of business of such corporation is situated, subject to the power of the court to change the place of trial as in other cases." The first venue option provided in section 395.5 does not apply because there is no underlying contract at issue in this case.

The second venue option afforded by section 395.5, authorizing suit in the county where the cause of action arose, appears to support Dow's position. But Dow ignores section 395.5, presumably because it provides that there is potentially more than one proper venue for suing a corporation. Dow takes the position that the only proper court for trial is the superior court in the county where the claim arose because this case is governed by section 393(a).

In the trial court, CEH argued section 395.5 was inapplicable because Dow's status as a nonresident defendant triggers the rule authorizing venue in any county. In this court, CEH modifies its position, arguing that section 395.5 does apply, but that the venue options afforded by that statute are expanded by section 395(a) to include every county in the state.

4

known to the state to cause cancer or reproductive toxicity without first giving clear and reasonable warning to such individual, except as provided in [Health and Safety Code,] [s]ection 25249.10."

Facts alleged in support of this claim include the following: Dow is a "person in the course of doing business within the meaning of [the Act]" who "manufactures, distributes and/or sells" a soil fumigant called "Telone," for sale and use in California. The Doe defendants are persons in the course of doing business who "manufacture, distribute, sell and/or use Telone in California." The primary active ingredient in Telone is 1,3-Dichloropropene ('1,3-D'), a chemical known to the State of California to cause cancer. When Telone is injected into the soil of agricultural crops, "1,3-D quickly volatizes through the soil and moves up into the air." Consequently, individuals who live or work in Shafter and breathe the air following applications of Telone to the soil of agricultural crops suffer inhalation exposure to a cancer causing chemical. Despite this exposure, "[n]o clear and reasonable warning is provided to individuals living or working in and around Shafter regarding the carcinogenic hazards of 1,3-D."

According to the complaint, defendants are "knowingly and intentionally exposing individuals living or working in and around Shafter to 1,3-D without first giving clear and reasonable warnings to such individuals regarding the carcinogenic toxicity of 1,3-D." As proof of defendants' knowledge, CEH alleges, among other things, that the labels affixed to Telone "acknowledge the 'high acute inhalation toxicity and carcinogenicity' of Telone." In light of this warning on the product itself, CEH "does not challenge the sufficiency of the labeling of Defendants' Telone." Instead, CEH alleges that defendants are violating the Act because they "continue to expose individuals living or working in and around Shafter to 1,3-D without providing prior clear and reasonable warnings regarding the carcinogenic hazards of 1,3-D."

In its prayer for relief, CEH requests that the trial court (1) assess civil penalties against each defendant in the amount of $2,500 per day for each violation of the Act; (2) enjoin defendants from exposing individuals living or working in or around Shafter to 1,3-D without providing prior clear and reasonable warnings, as CEH shall specify in

5

future application to the court; (3) order defendants to take action to stop the ongoing unwarned exposures; and (4) award CEH reasonable attorney fees and costs of suit.  (See Health & Saf. Code, § 25249.7.)[5]

### B.  The Transfer Motion

In November 2016, Dow filed a motion to transfer this case to Kern County on the ground that the court designated in the complaint is not the "proper court" in which to conduct a trial of the Proposition 65 claim.  (§ 396b, subd. (a); § 397, subd. (a).)  In its complaint, CEH alleged that venue was proper in any county because Dow had not designated a principal office in California.  Dow's transfer motion did not dispute that Dow is a nonresident defendant, but argued that the complaint is an action for recovery of a penalty or forfeiture imposed by statute and, therefore, under section 393(a), the proper court for trial of this case is the county where the cause of action arose.

CEH opposed the transfer motion, arguing that section 393(a) does not apply because this case is properly characterized as an action to enjoin unlawful conduct rather than to recover a statutory penalty; an action for injunctive relief is "transitory" as opposed to "local" in nature; and therefore, under the general venue rules set forth in section 395(a), any county is the proper court for trial of this case because Dow is a nonresident defendant.

Following a hearing, the superior court denied Dow's transfer motion, finding that (1) the main relief sought in the complaint is an injunction, rather than the statutory penalties afforded by Proposition 65, and an injunction is not a forfeiture within the meaning of section 393(a); and (2) venue is proper in Alameda County under section 395(a) because CEH's cause of action for an injunction is "transitory" rather than "local" in nature, and Dow has no county of residence in California.

---

[5]  CEH alleges that it has standing to bring this "citizen enforcement action" because it served the pertinent public prosecutors with a "60-Day Notice of Violation" and a "Certificate of Merit," both of which outlined facts showing that defendants are violating Proposition 65, and yet the public prosecutors declined to commence and/or diligently prosecute a cause of action against defendants.

## IV.  DISCUSSION

### A.  *Issue Presented and Standard of Review*

The issue presented to us is whether Alameda County is the proper court for trial of this case.  We are not asked to consider the trial court's power to transfer an action for some other reason authorized by statute, such as the convenience of witnesses.  (See § 397, subd. (c).)  Dow filed its transfer motion under section 396b, subdivision (a), which states that "[u]pon the hearing of the motion the court *shall*, if it appears that the action or proceeding was not commenced in the proper court, order the action or proceeding transferred to the proper court."  (Italics added.)

For purposes of this proceeding, the following material facts are not disputed: (1) Dow is a nonresident corporate defendant that has not designated a principal place of business in California; and (2) CEH's Proposition 65 claim against Dow arose in Kern County.  Thus, if section 393(a) applies, as Dow contends, the proper court for trial of this case is Kern County.  However, if section 393(a) does not apply, then venue is proper in any county pursuant to section 395(a) because Dow is a nonresident defendant.

Normally, "[t]he standard of review for an order granting or denying a motion for a change of venue is abuse of discretion.  [Citation.]"  (*Fontaine*, *supra*, 175 Cal.App.4th at p. 836.)  However, "de novo review is appropriate where, as here, an appellate court is engaged in the application of a statute to undisputed facts.  [Citations.]"  (*Kennedy/Jenks Consultants, Inc. v. Superior Court* (2000) 80 Cal.App.4th 948, 960; see also *County of Siskiyou v. Superior Court* (2013) 217 Cal.App.4th 83, 92 [applying de novo review when petition presented purely legal issues].)

### B.  *The Proper Court for Trial is in Kern County*

"Venue is determined based on the complaint on file at the time the motion to change venue is made.  [Citations.]"  (*Brown*, *supra,* 37 Cal.3d at p. 482.)  Here, the complaint contains a single cause of action alleging one ongoing statutory violation of an environmental health law by multiple defendants.  The remedies for this alleged violation are fixed by statute.  Section 25249.7 of the Health and Safety Code states in pertinent part: "(a) A person who violates or threatens to violate Section . . . 25249.6 may be

7

enjoined in any court of competent jurisdiction. [¶] (b) [¶] (1) A person who has violated Section . . . 25249.6 is liable for a civil penalty not to exceed two thousand five hundred dollars ($2,500) per day for each violation in addition to any other penalty established by law."

CEH seeks both available statutory remedies, thus bringing this case within the scope of section 393(a), which, as discussed above, provides that the proper court for an action to recover a penalty or forfeiture imposed by statute is the superior court in the county where the cause of action arose. Furthermore, because section 393(a) requires a different venue than the defendant's residence, it supplants the general venue rule codified in section 395(a). Thus, Dow's status as a nonresident defendant is not relevant to the selection of the proper venue for trial of this case under section 393(a).

Characterizing section 393(a) as a narrow exception to the general venue rule authorizing a plaintiff to file an action against a nonresident defendant in any county, CEH contends that the trial court correctly applied the general rule here for several reasons. Before considering CEH's specific arguments, we think it important to correct two of its misconceptions.

First, the pertinent language of section 393(a) is not narrow; it applies to actions to recover a penalty *or* to secure a forfeiture pursuant to a statute. When a provision of section 393 applies, it specifies the proper county for the initial filing of an action, overriding the general venue rule providing for trial in the county of the defendant's residence. (*County of Riverside v. Superior Court* (1968) 69 Cal.2d 828, 831; *Regents of University of California v. Superior Court* (1970) 3 Cal.3d 529, 535.)

Second, the general venue rule is not that plaintiffs may sue nonresidents in any county, as CEH contends. The general venue rule in section 395(a) fixes venue in the county of the defendant[s]' residence. Another provision of section 395(a) authorizes a plaintiff to designate any county as a proper venue "[i]f *none* of the defendants reside in

8

the state or if they reside in the state and the county where they reside is unknown to the plaintiff." (§ 395(a), italics added.)[6]

With these clarifications, we turn to CEH's specific arguments in support of the trial court ruling.

### C. The Main Relief Rule

First, CEH contends that section 393(a) does not apply because the statutory penalty CEH seeks to impose on Dow is not the main relief sought by the complaint.

The "main relief" rule was developed by courts to determine whether an action is local or transitory in nature. (3 Witkin, Cal. Procedure, *supra*, § 788.) The rule comes into operation when the court is required to select between inconsistent venue rules because the complaint prays for two distinct types of relief, one local and one transitory. (*Ibid.*; *Massae*, *supra*, 118 Cal.App.3d at p. 535.) This problem is more likely to arise in cases involving multiple causes of action. (*Foundation Engineers*, *supra*, 19 Cal.App.4th at p. 108.) But, even when the complaint states only one cause of action, if the plaintiff prays for two "distinct types of relief, one local and one transitory," the main relief rule can be used to select one as determinative of venue. (3 Witkin, *supra*, § 788, p. 1024; see, e.g., *Massae*, at pp. 535-536.)

The main relief analysis has been limited to cases involving real property where a party seeks to fix venue under section 392(a). Cases applying the rule fall into two general categories. (3 Witkin, Cal. Procedure, *supra*, § 788.) Courts will apply the special venue rule set forth in section 392(a) when the main relief sought by the complaint pertains to a real property right, and thus is considered local in nature, notwithstanding an incidental demand for personal relief. (See, e.g., *Massae*, *supra*, 118 Cal.App.3d 527.) On the other hand, if the main relief requested is personal, fraud

---

[6] According to the complaint allegations, CEH does not know the identity of any of the Doe defendants who actually use Telone in the county where the alleged statutory violation is occurring. If these unnamed defendants do reside in Kern County, which seems likely, then application of the general venue rule would fix the proper place of trial in Kern County, even if section 393(a) did not apply.

9

damages as an example, and a real property right is only incidentally involved such that it does not change the transitory character of the action, the section 392(a) exception will not be applied. (See, e.g., *Los Angeles City School Dist. v. Redwood Empire Title Co.* (1962) 206 Cal.App.2d 398, 402-403.)

The main relief rule does not come in to operation in the present case because this action does not seek to adjudicate rights in real property, either directly or incidentally. Rather, CEH alleges that defendants are violating a duty to warn provision of an environmental protection statute and seeks to recover a statutory penalty until warnings are provided to individuals about the toxic effects of using Telone in Kern County. These complaint allegations bring this case within section 393(a), a statutory exception to the general venue rule that does not hinge on whether the nature of the relief requested is primarily local or transitory in nature.

### D. *The Classification of Actions as Local or Transitory*

CEH contends that "the [California] Supreme Court long ago established that the threshold inquiry for determining whether an exception to Section 395(a)'s general venue provision, such as Section 393(a), applies is whether the action is 'local' or 'transitory.'. . ." CEH cites two cases for this proposition: *Peiser v. Mettler* (1958) 50 Cal.2d 594 (*Peiser*); and *Brown*, *supra*, 37 Cal.3d 477. Notably, neither case addresses section 393(a). But this authority does reinforce our conclusion that analyses inquiring whether an action is local or transitory have been limited to real property disputes, as a corollary to the main relief rule discussed above.

In *Peiser, supra*, 50 Cal.2d 594, a lessor sued multiple lessees and sublessees in Los Angeles to recover personal property and damages for breach of a written lease agreement involving farm property located in Kern County. The trial court granted defense motions for change of venue from Los Angeles to Kern County on several grounds, including that the case was local in nature because it involved a lease of real property located in Kern County. (§ 392.) The Supreme Court reversed the order, finding, among other things, that the case was not local in nature. (*Peiser*, at pp. 603-606.)

10

Preliminarily, the *Peiser* court observed that "the transitory or local character of the causes of action" is determined from the allegations in the complaint on file at the time the motion was made. (50 Cal.2d at p. 603.) In *Peiser*, the complaint purported to plead separate causes of action for breach of contract, conversion of improvements, restoration of improvements, and waste. The *Peiser* court found that "the main relief sought in all four causes of action was personal and that title to, or possession of, real property was only incidentally involved." (*Id*. at p. 604.)

The *Peiser* court went on to opine that the complaint really only stated a single cause of action for breach of contract based on four different legal theories. (50 Cal.2d at p. 605.) The court reasoned that each common count pertained to a single contract—the lease agreement, and that the "plaintiffs . . . alleged but one wrong—the removal of the improvements . . . in violation of the terms of the lease." (*Ibid*.) Furthermore, the fact that the plaintiffs alleged conversion and sought the remedy of replevin did not establish that the case involved real property because the character of the fixtures and improvements changed from real to personal when they were severed from the land. (*Id*. at p. 606.) Ultimately, the *Peiser* court concluded: "Whether we consider that there has been a joinder of transitory causes of action with a local action and that the transitory actions control so far as venue is concerned, or whether we consider that plaintiffs have stated only one transitory cause of action, the result is the same . . . and the trial court was in error in granting the defendants' motions for change of venue on the ground that the action was a local one which must be tried at the situs of the real property pursuant to the provisions of section 392 of the Code of Civil Procedure." (*Peiser*, at p. 606.)

*Peiser* reinforces our earlier conclusion that the "main relief" rule, like the transitory or local analysis, is used when a case involves real property rights, and thus implicates the special venue rule set forth in section 392. In this case, there is no dispute that section 392 does not dictate the proper court for trial of the complaint. Rather, CEH maintains that section 393(a) does not apply because its Proposition 65 claim is not local in nature. *Peiser* does not support this argument.

11

CEH also mistakenly relies on *Brown*, *supra*, 37 Cal.3d 477, a venue dispute in an action for intentional infliction of emotional distress, wrongful discharge, and employment discrimination in violation of the Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.). The *Brown* plaintiffs maintained that venue was proper in Alameda County pursuant to a former version of FEHA's venue provision, which stated that "[s]uch an action may be brought in any county in the state in which the unlawful practice is alleged to have been committed . . . ." (*Brown*, at p. 482, fn. 3, italics omitted.) However, the trial court granted a defense motion to transfer the action to Sacramento County pursuant to section 395(a) because several defendants resided there while none had their residence in Alameda County. (*Brown*, at p. 481.) The Supreme Court reviewed the order via plaintiffs' petition for writ of mandate.

Framing the venue issue, the *Brown* court stated that there was no dispute that Alameda County was a proper venue for the FEHA claim. (37 Cal.3d at p. 482.) However, the non-FEHA causes of action for emotional distress and wrongful termination "would normally be governed by [section 395(a)], which controls venue in 'transitory' actions." (*Brown*, at p. 482, fns. omitted.) Thus, the court needed to decide which venue rule to apply, taking into account the fact that all three causes of action arose from the same basic set of facts. Importantly, the *Brown* court did not resolve this issue by classifying the FEHA claim as either local or transitory. Rather, the court examined the language of the FEHA statute to determine if it covered cases in which non-FEHA claims arising from the same facts as the FEHA claim were alleged in the same complaint. (*Id*. at p. 484.) The statutory language was ambiguous, but the court concluded that the purpose of the law and legislative intent supported a broad construction of the venue provision, covering cases in which FEHA claims were joined with non-FEHA claims in the same complaint. (*Id.* at pp. 487-489.) Accordingly, the court held that "the special provisions of the FEHA venue statute control in cases involving FEHA claims joined with non-FEHA claims arising from the same facts. Thus,

the FEHA venue statute governs the entire action and section 395 does not apply." (*Brown*, at p. 487, fn. omitted.)[7]

CEH relies on a footnote in *Brown* where the court observed that "[f]or venue purposes, actions are classified as local or transitory," and that the plaintiffs' emotional distress and wrongful discharge claims were properly classified as transitory because the main relief sought in each of these causes of action was personal in nature. (37 Cal.3d at p. 482, fn. 5.) But, CEH overlooks that the *Brown* court did not classify the FEHA claim as either local or transitory. Equally important, while the court noted that the non-FEHA claims were transitory, that fact had no bearing on the court's determination that the FEHA venue statute applied to the non-FEHA claims. Thus, *Brown* supports our conclusion that the function of the local versus transitory construct is to fix venue in cases involving mixed claims that implicate both personal rights and real property rights, not to determine whether any statutory exception to the general venue rule applies.

In a related argument, CEH contends that "in making the threshold determination as to whether the action is governed by a local statutory exception such as Section 393(a) or is considered transitory under Section 395(a), the Court must identify the main relief sought in the operative complaint." Again, CEH cites authority that does not support its characterization of section 393(a) as a "local statutory exception," or its contention that the main relief rule "must" be applied in this case. In addition to *Brown* and *Peiser*, which we have already discussed, CEH relies on *Ah Fong v. Sterns* (1889) 79 Cal. 30 (*Ah Fong*) and *California State Parks Foundation v. Superior Court* (2007) 150 Cal.App.4th 826 (*California State Parks*).

In *Ah Fong*, *supra*, 79 Cal. 30, a prisoner filed an action for damages allegedly arising out of the defendant's refusal to obey a writ of habeas corpus resulting in

---

[7] The conclusion in *Brown* is consistent with the trend in the procedural law of venue. Professor Witkin and the Witkin Legal Institute have recognized that "[t]he class of transitory actions triable solely at the defendant's residence has been steadily decreasing by the enactment of statutes providing for additional venue in most of the common types of actions. . . ." (3 Witkin, Cal. Procedure, *supra*, § 817, p. 1049.)

13

plaintiff's unlawful confinement for a period of five days during which he suffered injury. The action was filed in the county where the prisoner was detained and the writ issued. The defendant sought review of a trial court order denying his motion to change venue to his county of residence. The *Ah Fong* court found that, if the complaint stated a cause of action for false imprisonment, the defendant was entitled to venue in his county of residence. If, however, plaintiff stated a cause of action for recovery of a penalty under Penal Code section 1505, then section 393 required that the action be tried in the county where the cause of action arose, subject to the court's power to change the place of trial in proper cases. (*Ah Fong*, at pp. 31-32.) Ultimately, the court concluded that the trial court's refusal to change venue was error because the complaint stated a good cause of action for false imprisonment, but *not* for a penalty under Penal Code section 1505. (*Ah Fong*, at p. 34.)

Contrary to CEH's contention here, *Ah Fong* did not apply the main relief rule to determine whether section 393 applied. Nor did it use the transitory versus local classification to reach its decision. Rather, the court found that the complaint allegations could not be construed reasonably as stating a cause of action under Penal Code section 1505, which authorizes an aggrieved party to recover a statutory penalty from an officer who refuses to obey a writ of habeas corpus. In this case, we are not asked to determine whether CEH has stated a valid cause of action under Proposition 65; however, there is no dispute that the complaint unequivocally seeks to impose a hefty statutory penalty on Dow as a mechanism for enforcing that statute.

In *California State Parks*, *supra*, 150 Cal.App.4th 826, the other case upon which CEH relies, the State and several public interest groups (petitioners) challenged an Orange County-based transportation agency's decision to certify an environmental impact report for a toll road project. Alleging a violation of the California Environmental Protection Act (CEQA), petitioners filed their action in San Diego County, alleging that venue was proper under section 393, subdivision (b) (section 393(b)), which provides that, subject to the power of the court to transfer actions, the county in which a cause of action or some part of it arose is the proper county for trial of actions against public

14

officers. The agency moved to transfer the case to Orange County, where it maintained its office, pursuant to section 395(a). The trial court granted the agency's motion, but the appellate court granted petitioners mandate relief, finding that section 393(b) established that San Diego County was a proper court to hear the case.

In a section of the *California State Parks* opinion summarizing "General Concepts of Venue," the court noted the following rule: " 'Generally (but with numerous exceptions), when the main relief sought in a case does not relate to rights in real property, "the superior court in the county where the defendants or some of them reside at the commencement of the action is the proper court for the trial of the action." (§ 395, subd. (a).)' [Citation.]" (*California State Parks*, *supra*, 150 Cal.App.4th at p. 833.) However, the *California State Parks* court did not apply the main relief rule to determine if the petitioners' CEQA case was governed by section 393(b). Nor did it classify the action as either local or transitory. In fact, the primary issue presented to the court was whether section 393(b) applied when the case did not involve *either* a real property interest or a personal right, but instead sought vindication of a public right. (*California State Parks*, at p. 835.) Applying general principles of statutory interpretation, the court concluded that the clear statutory language established that the section 393(b) exception applied to an action against a public officer seeking vindication of a public right. (*California State Parks*, at pp. 834-835.)

CEH's Proposition 65 claim is analogous to the CEQA claim in *California State Parks* in the sense that CEH seeks to vindicate a public right rather than to remedy some private harm. "The Act is informational and preventative rather than compensatory in its nature and function. The statutory damages available under the Act in the nature of civil penalties do not grow out of a claim for moneys due and owing or for personal harm or property damages that have resulted from discharge of pollutants or other toxic chemicals, which are actions triable by a jury at common law. [Citations.] Rather, Proposition 65 is distinguishable in its fundamentally equitable purpose and remedy: to facilitate the notification of the public of potentially harmful substances, so informed decisions may be made by consumers on the basis of disclosure." (*DiPirro v. Bondo*

15

*Corp*. (2007) 153 Cal.App.4th 150, 182-183, italics omitted.)  In its single cause of action, CEH seeks equitable remedies that the legislature has identified as the most effective means of enforcing the public warning provisions of the Act.  Therefore, like *California State Parks*, an action of this nature is not governed by the local versus transitory analysis because the harm alleged is public rather than private.

CEH fails to cite a single case in which the local versus transitory construct was used to determine whether to apply section 393, or any other statutory exception to the general venue rule aside from section 392(a).[8]  The absence of such authority makes sense because the purpose of this construct and the related main relief rule is to aid courts when conflicting venue provisions potentially apply because the complaint seeks *both* local and transitory relief.  (3Witkin, Cal. Procedure, *supra*, § 788.)  When, as here, the action does not involve interests in real property, that potential conflict does not arise and, therefore, the main relief rule does not apply at all.

### E.  The Nature of an Injunction

Approaching the matter from a different direction, CEH argues that an action to enjoin a violation of Proposition 65 is not governed by section 393(a) because an

---

[8]  At oral argument before this court, CEH's counsel insisted that two published cases have applied the main relief rule to resolve a venue dispute that did not involve rights to real property: *Ah Fong, supra*, 79 Cal. 30; and *K.R.L. Partnership v. Superior Court* (2004) 120 Cal.App.4th 490 (*K.R.L.*).  We disagree with this representation.

We have already explained how CEH misconstrues *Ah Fong*, *supra*, 79 Cal. 30. That case does not apply, discuss or even refer to the main relief rule.

*K.R.L.*, *supra*, 120 Cal.App.4th at page 498, was a writ proceeding in which the appellate court held that once proper venue had been established based on a complaint, the plaintiff/cross-defendant could not seek to change venue under section 396b based on a compulsory cross-complaint.  (*Id.* at pp. 499-506*.*)  To reach this conclusion, the court did not apply or rely in any way on the main relief rule.  In fact, the only reference we find to that rule is in a section of the opinion discussing "Venue in General," where the court made this observation: "Generally (but with numerous exceptions), when the main relief sought in a case does not relate to rights in real property, 'the superior court in the county where the defendants or some of them reside at the commencement of the action is the proper court for the trial of the action.'  (§ 395, subd. (a).)"  (*K.R.L.*, at pp. 496-497.)

16

injunction is not a "forfeiture" within the meaning of that provision, but rather a transitory form of relief governed by section 395(a).

This issue became the focus of the trial court's ruling. In its order, the court summarily concluded that the main relief sought by this action is an injunction and then went on to find that there "is a dearth of decisional authority that is directly on point, i.e., where the question of whether injunctive relief under Prop 65 can or should be considered a forfeiture for purpose of venue has been addressed." Absent pertinent authority, the court was more persuaded by CEH's argument that the claim for injunctive relief alleged in the complaint does not fit the classic definition of a forfeiture, "i.e., 'the divesture of property without compensation or the loss of a right, privilege, or property because of a crime, breach of obligation, or neglect of duty.' " (Quoting *Marin Healthcare Dist. v. Sutter Health* (2002) 103 Cal.App.4th 861, 877, citing Black's Law Dict. (7th ed. 1999) p. 61, col. 1.)

We are not surprised that there is a dearth of decisional authority addressing whether injunctive relief under Proposition 65 constitutes a forfeiture under section 393(a) because, as this case illustrates, such a determination will typically not be required. The complaint allegations requesting a statutory penalty and injunctive relief are part and parcel of CEH's private citizen action to enforce Proposition 65; they are not inconsistent forms of relief for purposes of selecting venue, as CEH contends. Furthermore, the complaint allegations bring this case within the section 393(a) exception, which unambiguously states that the proper venue for an action for the "recovery of a penalty *or* forfeiture imposed by statute" is the "county in which the cause, or some part of the cause arose."

In summary, the main relief rule does not operate in this context because the complaint allegations do not implicate real property rights either directly or incidentally, and thus it is not necessary to determine whether the relief sought is primarily local and governed by section 392. Beyond that, even indulging CEH's insistence that we view its claims within the construct of the local versus transitory analysis, it seems equally clear that a Proposition 65 private enforcement action does not fit within the class of cases

17

characterized as transitory because a plaintiff in the position of CEH is not seeking recompense for a personal harm of any kind. On the other hand, an action for equitable relief afforded by a statute of this nature does fall within the express language of section 393(a) when, as here, the plaintiff seeks to impose a statutory penalty on the defendants. Therefore, the denial of Dow's motion to transfer this case to Kern County was error.

## V. DISPOSITION

Let a peremptory writ of mandate issue directing the respondent court to vacate its March 1, 2017 order denying Dow's motion, and to grant the motion and change venue to Kern County. The stay previously issued by this court shall be dissolved upon the issuance of the remittitur. Dow shall recover its costs in this writ proceeding.

_____
RUVOLO, P. J.


We concur:


_____
KENNEDY, J.*


_____
RIVERA, J.


*Judge of the Superior Court of California, County of Contra Costa, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.


A150854, *Dow Agrosciences LLC v. Superior Court*

| | |
|---|---|
| Trial Court: | Alameda County Superior Court |
| Trial Judge: | Hon. Winifred Y. Smith |
| Counsel for Petitioner: | Arnold & Porter Kaye Scholer LLP, Trenton H. Norris, S. Zachary Fayne, Tiffany M. Ikeda; Dentons US LLP, Stanley W. Landfair, David R. Simonton, Jessica L. Duggan |
| Counsel for Real Party in Interest: | Lexington Law Group, Howard Hirsch, Lucas Williams |

A150854, *Dow Agrosciences LLC v. Superior Court*